KLATHENHOFF *vs.* ARDRY.

APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT, FOR THE PARISH OF POINTE COUPEE, THE JUDGE OF THE SECOND PRESIDING.

Where an absent witness has been duly summoned, and the party makes affidavit setting forth his materiality and the material facts expected to be proved by him, and that he expected his attendance on the day fixed for trial, it will be sufficient ground to obtain a continuance.

This is an action for work and labor alleged to be done in pursuance of a written contract, and on account, by plaintiff, for and at the request of the defendant, in which the sum of three hundred and eleven dollars is demanded.

The defendant pleaded several matters by way of exception; admitted the written contract sued on, but denied any indebtedness or liability under it, or on any other account.

On the day fixed for trial, the defendant moved for a continuance on the following grounds, set forth in his affidavit: "That Robert Harvey, a resident of the parish, is a material witness, duly summoned, by whom he expects to prove sundry facts detailed, and also other material and important facts he expects to establish; but that said Harvey left the parish a short time since, with the intention of returning in the course of a few days, and that he has been expecting him daily," &c.

The judge *a quo* refused the continuance, because the affidavit should state that the affiant did not know that the witness intended to depart, or that he could not prevent his departure before the day fixed for trial, according to article 465, of the Code of Practice. The defendant excepted to the opinion of the court.

There was judgment non-suiting the plaintiff on the written contract, but allowing him sixty-one dollars and forty cents on his account, from which the defendant appealed.

*Patterson,* for the plaintiff.

*Stevens,* for the appellant.

EASTERN DIST.
January, 1840.

KLATHENHOFF
vs.
ARDRY.

*Morphy, J.*, delivered the opinion of the court.

The defendant complains that the judge *a quo* improperly overruled his motion for a continuance ; his affidavit, which is of unusual length, appears to us as full and comprehensive as could be desired. It was found, however, insufficient by the judge, who tried the cause. He thought, that, in addition to his manifold allegations, the affiant should have sworn that his witness had gone away, and that he did not know that he intended to depart, or could not prevent his departure, as required by article 465, of the Code of Practice. We hold this article inapplicable to the present case. It obviously contemplates those cases in which a witness, being brought to the court-house by legal process, and being there in attendance, goes away without the knowledge of the party. It cannot allude to a witness who has not been summoned at all ; who, previous to the day of the trial, has temporarily left his home, and has not yet returned, although daily expected, as in this case. We know no means in the power of a party to prevent his witness from occasionally absenting himself, if such be his pleasure. We think that the affidavit was fully sufficient to entitle defendant to his continuance.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed ; that the case be remanded for further proceedings, and that the appellee pay the costs of this appeal.