## STONE *v.* ROSE.

Where the affidavit of a plaintiff sets forth that, since judgment was rendered, material evidence in support of her demand has been discovered, which could not have been obtained before, though due diligence was used, and states fully the facts expected to be proved, and the name of the witnesses to establish them, and the facts are such as, if satisfactorily established, would authorize a recovery, and no circumstances are disclosed which conflict with the affidavit or indicate a want of due diligence, a new trial should be granted. C. P. 560, 561.

APPEAL from the District Court of Madison, *Selby, J.*

*Pepper* and *R. C. Downes*, for the appellant, contended that a new trial should have been granted, citing 4 Mart. N. S. 132.   10 La. 409.

*Amonett*, for the defendant.

The judgment of the court was pronounced by

KING, J. This action was instituted to recover a debt alleged to be due by the defendant. After its inception, the plaintiff died, and his administratrix was made a party to the suit. The proofs on the trial were insufficient to establish the plaintiff's demand, and a non-suit was rendered. An application for a new trial was made, on the ground of newly discovered evidence, which was overruled, and the plaintiff appealed.

We think the judge erred in refusing a new trial. The affidavit in support of the application brings the plaintiff strictly within the rule which provides for this kind of relief. It sets forth that, since the rendition of the judgment, material evidence has been discovered in support of the demand, which could not be obtained before, although due diligence was used. The facts expected to be proved are fully stated. They are such as, if satisfactorily established, would authorise a recovery, and the witnesses by whom they are to be proved are named. Code of Practice, arts. 560, 561.

No circumstances are disclosed by the record which conflict with the affidavit, or indicate the want of diligence in the preparation of the cause, and the judge has assigned no reasons for refusing the application. But a short time intervened between the institution of the suit and the trial, and during that interval the plaintiff died. This event probably deprived his counsel of the means of discovering the testimony necessary to prove the demand, which it is stated in the affidavit is now known to exist.

It is therefore ordered that the judgment of the District Court be reversed. It is further ordered that a new trial be awarded, and that the cause be remanded to be proceeded with according to law, the appellee paying the costs of this appeal.