Hon. Pierre Adolphe Rost,
Hon. Thomas Slidell,
Hon. William Dunbar.

Eustis, C. J., was absent during this term.

The following cases were not received until Seventh Annual was published—to which volume they properly belong.

---

## William M. Neyland *v.* Williams Neyland.

Cause remanded because continuance should have been granted.

APPEAL from the District Court, Parish of Calcasieu, *Overton*, J. *Kirby, Swayzé & Moore*, for plaintiff and appellant. *J. H. Jarvis*, for defendant.

SLIDELL, J. This action is upon a promissory note which matured in March, 1845, made by the defendant in favor of *M. Neyland* and by him indorsed to the plaintiff. It has endorsed upon it a receipt by the payee of a partial payment in March, 1846. The suit was brought by attachment on the 5th January, 1852. The citation which issued summoned the defendant to appear on the third Monday of March, from which we infer that that was the opening day of the next regular term. The writs of attachment and citation were returned on the 16th March, and on the same day the defendant made a personal appearance, and pleaded, among other matters, want of consideration and prescription. On the 17th the cause appears to have been called for trial. Whether it was set on the previous day for trial does not appear. Thereupon the plaintiff's attorney moved for a continuance upon the ground of absence of witnesses, and inability to obtain their testimony seasonably, they being in Texas. The application was accompanied by an affidavit made by the attorney, in the absence of his client, whose presence he swore he had expected. The affidavit sets forth the testimony which it was expected to obtain ; and its showing, connected with what appears of record touching the course and condition of the suit, is such as to create in our minds the belief that there had not been a want of diligence on the part of the plaintiff. It is not easy to perceive how the plaintiff could, before the cause was called for trial, have obtained

NEYLAND
*v.*
NEYLAND.

in competent form the testimony of witnesses residing out of the State, to meet the special matters of defence which were pleaded on the 16th. The Court refused a continuance, to which refusal a bill of exception was taken, and the cause being immediately pressed to trial, the plaintiff established the execution of the note, the endorsement of the payee, and that the endorsement of partial payment was in the handwriting of the defendant and signed by the payee. But the plaintiff having no evidence to rebut the plea of prescription, judgment was, on the 17th, rendered in favor of the defendant upon that ground. On the next day the plaintiff's attorney applied for a new trial, and supported his application by the affidavit of a person who says he arrived at the house of the attorney on the previous night, after the trial had taken place, bringing intelligence from the plaintiff, who was in Texas, to his attorney, that he was prevented by sickness from coming. The new trial was refused, and the plaintiff has appealed.

It is with reluctance we disturb the ruling of a District Judge on a question of continuance; but after carefully considering the affidavit made, and the attendant circumstances, as exhibited by the record, we are all of opinion that the continuance should have been granted. We find no laches on the part of the plaintiff, and, as we have said, it is not easy to perceive how the plaintiff could, under the circumstances shown in the affidavit, have been expected to be prepared on the 17th with testimony to rebut the plea of prescription filed on the preceding day.

We think that the justice of this case will be more satisfactorily ascertained by remanding it for a new trial.

Judgment reversed and cause remanded for a new trial, defendant to pay the costs of the appeal.