HOWELL, J., recused.

ARCHIBALD MONTGOMERY *v.* THE CITIZENS MUTUAL INSURANCE COMPANY.

When a cause is called, the party who has not been able to procure the necessary evidence shall be entitled to a continuance, on proving either that he has not sufficient time to get his proof, or has been prevented from doing so by some unforeseen cause.

APPEAL from the Sixth District Court of New Orleans, *Howell,* J. *Durant & Hornor*, for plaintiff. *L. Castera*, for defendant and appellant.

HYMAN, C. J. Plaintiff sued defendant on a promissory note payable to the order of Martin Gordon, Jr.

Defendant denied that plaintiff was the owner of the note; alleged that Gordon was still owner thereof; that Gordon owed defendant for his note, and that, by agreement with him, the note that defendant held was to extinguish, by compensation to the extent of its amount, the note sued on by plaintiff.

Citation was served on the 3d of January, 1863, and on the 12th of said month defendant procured commissions to take the testimony of the witness Adolphe Schruber, in the Parish of St. Martin and in the Parish of St. Landry. The commissions by order of the Court were to be returned within thirty days after the opening of regular communications between New Orleans and those parishes.

On the 9th of March, 1863, the Court ordered the case to be tried on the 30th of same month. On that last named day defendant asked for a continuance to obtain the testimony of said witness, averring, under oath of its president, that due diligence had been used by it; that it had, as soon as opportunity presented, forwarded the commissions, which had not been returned, and that it could not state when the commissions would be returned.

The record satisfies us that there was no want of diligence on the part of defendant to procure the evidence of the witness, and that it had not time sufficient to get its proof.

Events over which defendant had no control had suspended intercourse between this city and the above named parishes; and defendant, at the time it applied for continuance, could not with certainty state when this intercourse would be restored, and consequently could not aver when the commisions would be returned with the evidence of the witness; yet it was apparent that intercourse would be restored within a few months.

With this condition of things plaintiff pressed the trial, shut out defendant's evidence, and obtained his judgment.

Defendant appealed.

A continuance and delay of the trial for a few months could have caused but little injury to either party; but irreparable injury might have been done to defendant by the trial which excluded the evidence on which it relied.

No neglect can be imputed to defendant in its efforts to procure the evidence. It had not, under the circumstances, sufficient time to get the evidence, and there was a moral certainty that in a short time the evidence could be obtained.

We are of opinion that a continuance should have been granted. See Code of Practice, Article 464; 8 An. 468.

The judgment of the District Court is reversed. The case is remanded. Plaintiff is to pay the costs of appeal.

HOWELL, J., recused.