## No. 9118.

N. P. PHILLIPS vs. CASSIDY & POWELL.—O. H. COURTNEY, INTERVENOR.

The only judgment which can be rendered, in the absence of a plaintiff, when no reconventional demand, or one equivalent thereto, has been formed, is one of *non suit.*

APPEAL from the Fifteenth District Court, Parish of Pointe Coupée. *Yoist,* J.

*W. W. & H. C. Leake,* and *Farrar & Montgomery* for Plaintiff and Appellee.

*O. O. Provosty* for Intervenor and Appellant.

The opinion of the Court was delivered by
BERMUDEZ, C. J. This is a suit on a mortgage note, *via ordinaria.*
O. H. Courtney intervened, claiming the ownership of the land, and the plaintiff joined issue, by answer purely defensive.

The defendants having failed to appear, after citation and expiration of delay allowed to answer, a judgment by default was duly entered against them.

The case was fixed for trial. The intervenor was neither present, nor represented. The defendants were also absent.

The plaintiff offered evidence in support of his demand and adverse to that of the intervenor.

There was judgement in favor of plaintiff, against the defendants, for the amount claimed with the mortgage asked, dismissing the intervention as in case of *non suit.*

The intervenor alone appeals. The plaintiff asks no amendment of the judgment.

We are not, therefore, called upon to review the judgment as between the plaintiff and the defendants, but only so far as the intervenor is concerned.

On the trial, the intervenor offered no evidence. He complains, however, that, on that introduced by the plaintiff, (defendant on his intervention), the court should have rendered judgment in his favor, recognizing him as the owner of the real estate sought to be seized and sold.

This position, if permissible, would at best place the intervenor in the attitude which he would have occupied had *he* actually submitted that evidence in support of his claim.

That evidence cannot be considered at all, for the defendant in intervention, in the absence of any formal prayer for a judgment recognizing title to the land in the defendants, could not have taken up and tried the case in the absence of the intervenor. 34 A. 628; 33 A. 415; 11 A. 287; 5 A. 298; 21 A. 814.

The only judgment which could have been rendered, under the circumstances, was one of *non-suit.*

Judgment affirmed.