PROYOSTY, J.
Defendant was cited to show cause within two days why he should not be condemned to surrender the possession of leased premises. Within the two days he appeared, and demanded a trial of the case. The plaintiff was not expecting that the ease would be tried until the third day, and, in consequence, was not present. He was called at the door of the courthouse to appear and prosecute the suit, and, on his failing to appear, the justice of the peace proceeded with the case, heard the defendant’s evidence, and dismissed the suit as in case of nonsuit.
The next day the plaintiff appeared, and, on being informed that his ease had been dismissed, took an appeal to the district court.
The defendant and appellee appeared in the district court, and, on showing that the case had not been tried in the justice of 'the peace court, moved that either the appeal be dismissed or the case be remanded for trial.
The district judge having overruled that motion and fixed the case for a trial, the defendant and appellee has applied to this court for writs of certiorari and prohibition, and prays that the district judge be prohibited from trying the ease, and be ordered to either dismiss the appeal or remand the case to the justice of the peace court for trial.
The- motion should have been sustained. The judgment in question is not so much a judgment as an order, which the Code of Practice requires shall be made when, owing to the absence of the plaintiff, the ease cannot be tried. Code Prac. art. 1085. Such a judgment or order is res judicata of nothing. Code Prac. art. 536. In the absence of the plaintiff, “no final judgment can be rendered.” McDonogh v. Dutillet, 3 La. Ann. 660. The sole and exclusive basis of such an order is the fact of the absence of the plaintiff. Any evidence the defendant may produce is not to the purpose, since it cannot be acted on. The taking of it is a mere empty form which cannot affect the case. It “cannot be considered at all.” Phillips v. Cassidy & *53 Powell, 36 La. Ann. 288. Before there can he a trial in the appellate court there must have heen a trial in the trial court, and there has not heen any in this case. The sole matter which was tried in the lower court was the default vel non of plaintiff, and the sole matter adjudicated was the default of plaintiff; and that is the sole matter which can he tried on the appeal. Hence the only judgment which the appellate court can render is one dismissing the appeal if the proceedings for taking it have heen irregular, or remanding the case for trial if it is found that the plaintiff had not defaulted in the lower court, either because the case was not ripe for trial, or for any other reason.
The writ of prohibition must issue against the trial of the case de novo, but leaving the district court free to pass upon the question of whether the judgment should be affirmed or the case be remanded for further proceedings in the justice of the peace court.