### No. 8791.
### Orleans Appeal.

---

### SUCCESSION OF JOHN OLIVER.

(February 2, 1925, Opinion and Decree.)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest, Continuance—Par. 16.**
When a litigant gives the correct name and address of a witness whom the Sheriff reports as having moved, he is entitled to a continuance of the trial in order to find the witness.
(Code of Practice, Art. 471, Editor's note.)

2. **Louisiana Digest, Pleading—Par. 71.**
An issue raised and determined on an exception may be reviewed by the court at any time until final judgment.
(Code of Practice, Art. 330, Editor's note.)

3. **Louisiana Digest, Appeal—Par. 729, 730.**
A new trial shall be granted if the litigant has discovered since the trial evidence important to his cause and which he could not with due diligence have obtained before.

(Code of Practice, Art. 560, Editor's note.)

Appeal from the District Court for the Parish of St. John the Baptist, Hon. H. N. Gautier, Judge.

Motion for a new trial was refused and defendant appealed.

Judgment reversed and case remanded.

Prentice E. Edrington, Jr., attorney for plaintiff and appellee.

J. V. Chenet, attorney for defendant and appellant.

CLAIBORNE, J. Upon the death of John Oliver, Sam Haskins representing himself as his half-brother and sole heir obtained an *ex parte* judgment recognizing him as such. Whereupon Eliza Harris, on January 30, 1922, filed a petition in which she alleged that she was married on September 3, 1897, by Claiborne Scott of Belle Point, Parish of St. John the Baptist, to the deceased John Oliver, who died intestate. She prayed for judgment setting aside the judgment in favor of Sam Haskins and to be recognized as the widow in community of John Oliver and as such entitled to all the property left by him, under Act 80 of 1916, p. 201, which provides that when either husband or wife shall die, leaving no ascendants or descendants, and without having disposed, by last will and testament, of his or her share of the community property, such undisposed of share shall be inherited by the survivor in full ownership and c.

The defendant, Sam Haskins, on February 11th, excepted to the petition of Eliza Harris on two grounds: 1st, that she was neither the wife nor the widow of John Oliver and therefore had no interest in his Succession; and, 2nd, that if she had married John Oliver, at the time stated by her, that her marriage was null as she was at that time and still is the lawful wife of William Lomax to whom she was married in the year 1880 by the Reverend Dennis Burrell in the Parish of St. John the Baptist on Belle Alliance Plantation.

On February 25, 1922, the exceptions were tried, and evidence in support thereof heard.

The defendant moved for a continuance on the following grounds: That Moss Cook and Ames Johnson, who had been summoned as witnesses, could not be found by the Sheriff at their domicile in the Parish of St. John the Baptist and were reported out of the parish, and were absent from the trial, although the defendant had used due diligence to secure their attendance, and that said witnesses would swear that they knew of the marriage of William Lomax and Eliza Harris, that it had taken place in the Belle Point Plantation and that the marriage ceremony had been performed by Dennis Burrell, a Baptist minister. The motion was sworn to by the defendant Haskins.

The application for a continuance was denied, and after trial the court overruled the exceptions.

The defendant then, on March 1, 1922, filed an answer practically reiterating all the allegations of the exception.

The case was tried on the merits on March 30, 1922. Upon the trial, the defendant attempted to further examine the witnesses upon the question of the previous marriage of Eliza Harris to William Lomax, to which the plaintiff objected. The court maintained the objection for the reason that the question has been investigated extensively, and defendant had been given every opportunity upon the trial of the exceptions, and that further testimony would only be a rehearsal.

The trial continued until April 5, 1922, and on the same day judgment was rendered in favor of plaintiff.

On April 8, 1922, defendant applied for a new trial on the ground that the judgment was contrary to the law and the evidence, and upon the further ground that:

"Since the trial of his exception of want of capacity in plaintiff to stand in judgment, involving the question of the previous and subsisting marriage *vel non* of plaintiff with William Lomax, mover discovered new evidence important to the cause, which he could not with due diligence have obtained before; that the refusal of the court to hear said evidence at the trial of the case on its merits, when tendered, was error; that the decree overruling said exception was an interlocutory decree and as such subject to revision and recall, when the issue was raised in the answer and defendant's new evidence tendered to the court; that mover can and desires to prove by said new evidence, to-wit: by the testimony of Ed. Burkley, who resides at Little Hope, this Parish, that he was present at the marriage of Eliza Harris and William Lomax, solemnized by Rev. Dennis Burrell, in this Parish, about 40 years or so ago; by the testimony of Madam Rose Davis, who resides at Belle Point, this Parish; and by the following witnesses, to-wit: Josephine Francois, Mary Butler, and Mose Cook, all of them residents of this Parish, that said Eliza Harris was married as aforesaid to William Lomax and is his lawful wife," and c.

This motion was supported by the affidavits of the defendant's attorney and of the defendant himself.

The motion for a new trial was refused and defendant has appealed.

We are of the opinion that the judge erred:

1st. In refusing the application for a continuance of the trial of the exceptions.

Article 471 of the Code of Practice provides that if a witness duly summoned do not appear, the party who has had him summoned may, on showing that such witness could not be found have the trial put off until such witness has been brought before the court.

The defendant was entitled to a reasonable delay and an opportunity to procure his witnesses. Succession of White, 45 La. Ann. 632, 12 South. 758; Blossman Hayes vs. Isaac Hayes, 8 La. Ann. 468.

The case had been pending only a short time, from January 30th to February 25th.

As was said in the case of Montgomery vs. Insurance Co., 18 La. Ann. 227.

"A continuance and delay of the trial for a few months could have caused but little injury to either party; but irreparable injury might have been done to defendant by the trial which excluded the evidence on which it relied." Winter vs. Donaldsonville, 6 Mart. N. S. 536; Bell vs. Williams, 3 La. 448; Klathenhoff vs. Ardry, 14 La. 301; Thomas B. Harrison and Wife vs. D. F. Waymouth and Wife, 3 R. 340; Hewlett vs. Henderson, 9 R. 379.

2nd. The taking of testimony in support of the exceptions was irregular as they contained defenses on the merits. But the judgment thereon was only interlocutory and subject to revision by the judge. As the exceptions filed by the defendant had been decided against him but reiterated in the answer, every opportunity should have been afforded the defendant to establish them, especially after the court had refused him a continuance to produce the material witnesses.

The interests of justice required that those witnesses should have been heard.

3rd. Article 560 of the Code of Practice provides as follows:

Art. 560: A new trial shall be granted 1st and 2nd, "if the party has discovered since the trial evidence important to the cause which he could not, with due diligence, have obtained before".

The affidavits satisfy all the requirements of the law, and the law is mandatory. They disclose the names of five witnesses whose testimony will establish defendant's answer. The motion is sworn to by two witnesses, one of them, defendant's attorney. None but the most cogent and satisfactory reasons would justify the denial of the new trial. We see none here. The new trial under the law as it now reads is practically a continuance. Act 247 of 1908, p. 368, provides:

"On such new trial it shall not be necessary to resummon the witnesses or hear them anew, if their testimony has once been reduced to writing; but all such testimony and all evidence offered on the former trial shall be considered as already in evidence provided the same be filed as part of the record and c."

No hardship can be worked upon the plaintiff by the delays of a new trial under the law inasmuch as she is in possession of all the property left by the deceased, while justice might be denied the plaintiff by refusing it.

It is more in accordance with correct practice that the plaintiff should undergo some delay than that the defendant should be denied the opportunity of establishing his defenses.

We again refer to what was said by Justice Hyman in Montgomery vs. Insurance Co., 18 La. Ann. 227, quoted above.

In the case of Stone vs. Rose, 2 La. Ann. 225, the court said:

"Where the affidavit of a plaintiff sets forth that, since judgment was rendered, material evidence in support of her demand has been discovered, which could not have been obtained before, though due diligence was used, and states fully the facts expected to be proved, and the names of the witnesses to establish them, and the facts are such as, if satisfactorily established, would authorize a discovery, and no circumstances are disclosed which conflict with the affidavit or indicates a want of due diligence, a new trial should be granted." C. C. 560-561; Jonas Robison vs. Joseph Howell, 22 La. Ann. 524; Union Nat. Bank vs. Evans, 43 La. Ann. 372; 9 South. 44; Succession of Werner, 36 La. Ann. 987.

It is therefore ordered that the judgment appealed from be reversed and set aside; and it is now ordered that this case be remanded for a new trial in accordance with the views herein expressed.

The costs of appeal to be paid by plaintiff, and the costs of the District Court to await the final determination of this case.