No. 3794

Second Circuit

## MORGAN v. LEONE ET AL.

(July 5, 1930. Opinion and Decree.)

Byron A. Irwin, of Shreveport, attorney for plaintiff, appellant.

R. A. Fraser and Boone & Boone, of Many, attorneys for defendants, appellees.

DREW, J. Plaintiff brought suit against Mrs. L. Leone and Mrs. Edan Leone Ferguson, alleging that he had acquired an oil and gas lease from said defendants on certain described eighty-four acres of land in Sabine parish, La.; that, in preparing the said lease, the property was wrongfully described, and prays for a correction of the said lease as to the description of the property leased.

Defendants filed an exception of no cause of action in connection with an answer in which they deny that any lease contract was ever entered into by defendants with plaintiff, and allege that no consideration was offered or paid by plaintiff, and pray that the demands of plaintiff be rejected and the pretended lease contract, as filed for record and recorded, be ordered canceled from the public records, and that the lis pendens filed for record by plaintiff also be ordered canceled.

The answer was filed by defendants on the morning of January 20, 1930, and, on the same day, in the absence of plaintiff and his attorney, the case was fixed for trial for the 23d of January, 1930.

The petition alleges that plaintiff is a resident of the state of Arkansas, and that his attorney is a resident of Shreveport, La.

It seems that on the following day, the 21st of January, 1930, counsel for defendants notified the attorney for the plaintiff of the fixing of the case for trial, and the latter immediately got in touch with an attorney in Many, Sabine parish, La., the parish in which the suit was filed, and re-

quested said attorney to join him in the prosecution of the suit, and to apply for a continuance of the trial the next morning on the ground that the plaintiff did not have sufficient time to locate his witnesses and have them present in court, and that later in the day the attorney in Many, La., notified the attorney for the plaintiff that he was associated with one of the counsel for defendants, and therefore could not join him in the suit, whereupon plaintiff's attorney communicated with Mr. Ponder, an attorney of Many, La., who refused to join him in the suit for plaintiff but, out of courtesy, agreed to file an application for continuance on the grounds above set forth, and, on the morning of January 23, 1930, Mr. Ponder did file a motion for continuance, alleging that counsel for plaintiff was not notified of the fixing of the case until the 21st of January, and had insufficient time to summon his witnesses and properly prepare his case for trial, and also alleging that one of plaintiff's witnesses resides in the state of Texas and the other in the parish of Caddo, and that he intends to prove by them, and that they will swear to all the facts and matters alleged in plaintiff's petition, and giving the names of the said witnesses.

The application was signed in the name of the attorney for the plaintiff by William H. Ponder, and is certified to in the same manner.

There is no affidavit as to the truthfulness of the allegations of the application, either by the plaintiff or his attorney, or allegation that plaintiff cannot prove the same facts by other witnesses. Neither is it alleged that plaintiff has made any attempt to secure the presence of the witnesses in court, or to have their testimony taken. The allegation is that he has not had sufficient time to have summons for them issued and served upon them. Both witnesses are alleged to be non-residents of the parish of Sabine, and one of them a non-resident of the state; and summons, though served on them, could not have been enforced unless they had voluntarily put themselves within the jurisdiction of the court.

We feel sure that, if the application had been in proper form, the lower court would have granted a continuance, as it should have done, and, while the record does not show it, we feel sure that the application was refused because it was not in the form required by law.

A litigant is entitled to a reasonable delay and opportunity to get his witnesses. Succession of Oliver, 1 La. App. 526; Succession of White, 45 La. Ann. 632, 12 So. 758; Neyland vs. Neyland, 8 La. Ann. 467.

But he must make the proper showing that he has used due diligence in trying to get them, and his application must be sworn to. Code of Practice, art. 464.

The application for continuance was properly overruled.

Plaintiff and his attorney were absent when the case was called for trial, and the defendants proceeded to put on their testimony, after which the lower court rendered the following judgment:

"It is therefore ordered, adjudged and decreed that defendants, Mrs. L. Leone and Mrs. Edna Leone Ferguson, do have and recover judgment against plaintiff, J. E. Morgan, rejecting his demands; and it is further ordered, adjudged and decreed that said defendants have judgment against plaintiff, J. E. Morgan, ordering the cancellation and erasure from the public records of Sabine parish, Louisiana, the instrument dated November 27, 1929, filed for record December 11, 1929, bearing recorder's file number 38562 and also the notice of lis pendens of date December 7, 1929, and filed for record December 11, 1929, bearing re-

corder's file number 38568, said instruments being hereby declared null and void and ordered cancelled and erased from said records. It is further ordered, adjudged and decreed that plaintiff pay all costs of this suit.

"Thus done and rendered in open court on January 23rd, 1930, and read aloud and signed in open court on this the 24th day of January, 1930."

We think the judgment of the lower court is erroneous. There was no reconventional demand by defendants, and therefore the only judgment that could have been rendered by the lower court, in the absence of the plaintiff and his attorney, at the time of the trial, was one of nonsuit. Code of Practice, art. 536; McDonogh vs. Dutillet, 3 La. Ann. 660; Phillips vs. Cassidy & Powell, 36 La. Ann. 288; City of N. O. vs. Le Bourgeois, 50 La. Ann. 592, 23 So. 542; Miller vs. Miller, 156 La. 46, 100 So. 45.

In the case of McDonogh vs. Dutillet, supra, the court said:

"Where a plaintiff, in an action in which there is no reconventional demand, fails to appear on the day fixed for the trial, either in person or by attorney, to prosecute his suit, no final judgment can be rendered against him; the judgment should be one of nonsuit." Code of Practice, arts. 491, 532, 536. Cited in Dunbar vs. Mansker, 4 La. Ann. 176; Davidson vs. Silliman's Executors, 24 La. Ann. 227; Bourg vs. Gerding, 33 La. Ann. 1370; State ex rel. Henderson vs. McCrea, 40 La. Ann. 22, 3 So. 380; State ex rel. Gondran vs. Rost, 48 La. Ann. 458, 19 So. 256; City of New Orleans vs. Le Bourgeois, supra; Clement vs. Breaux, 115 La. 78, 38 So. 900.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be reversed, and that there be judgment in favor of defendants and against plaintiff rejecting his demands as of nonsuit.

Costs of appeal to be paid by defendants, appellees, and costs of the lower court to be paid by plaintiff, appellant.