No. 2913

**Second Circuit**

**CASTLE GROCERY CO. v. SASSER**
(Sasser, Intervener)

(April 9, 1931. Opinion and Decree.)

Crow & Coleman and E. B. Herndon, of Shreveport, attorneys for plaintiff, appellant.

Galloway & Johnson, of Shreveport, attorneys for interveners, appellees.

TALIAFERRO, J. Plaintiff instituted suit in the city court of Shreveport against defendant, W. C. Sasser, on open account, for $123.61. No appearance being made nor answer filed by defendant, judgment on default was rendered against him for the amount sued for, with 5 per cent interest from December 5, 1925, which was signed December 29, 1925. After the lapse of several months, execution issued on said judgment, and the city marshal seized and took into his custody a Ford touring car, as the property of defendant, and proceeded to advertise same for sale.

On October 2, 1926, defendant, W. C. Sasser, representing his minor daughter, Sybil Sasser, filed intervention and third opposition against plaintiff and said city marshal, asserting ownership of the seized automobile, and alleged that same was purchased by said minor "with her own separate property and funds" from Dickinson Motors, Inc., of Shreveport, February 12, 1926, for the price of $189, of which amount $75 was paid in cash and balance evidenced by eight promissory notes of said minor secured by mortgage on the car.

Third opponent prayed for judgment recognizing her ownership of the seized car, that same be restored to her, and that plaintiff, Castle Grocery Company, be condemned to pay damages to the extent of $30, as attorney's fees, and costs.

Plaintiff interposed an exception of no cause or right of action, which was overruled, and then filed answer, denying that the car legally belonged to said minor, averring that the alleged sale to her was an absolute nullity on account of her minority; that she never paid the purchase price thereof from her own separate funds and property, but that same was paid by her father; that said alleged purchase of the car was also a nullity, and was void "because of the fraudulent practices of the said Sybil Sasser while so practicing in collusion and conspiracy with her father and mother."

After trial of the issues presented by the intervention and third opposition and answer thereto, judgment was rendered by the city court recognizing Sybil Sasser as the owner of the car in question and ordering it restored to her. Plaintiff was condemned for attorney's fees and costs.

A motion for new trial was filed, supported by affidavit, on following grounds, viz.:

"That it can prove by J. Theron Drown, a resident of the City of Shreveport, Louisiana, an automobile salesman, that he sold the car to Mrs. Sybil Sasser, the wife of W. C. Sasser, after negotiating with W. C. Sasser for the purchase of the car and that to the best of his recollection, knowledge and belief he never knew Miss Sybil Sasser in the transaction and knows of his own knowledge that he did not negotiate with her for the purchase of the car, nor sell it to her."

It is alleged in the motion for new trial that this evidence is newly discovered, not within the knowledge of plaintiff before, after due diligence, and is material to the issues presented in the question of the ownership of the said car.

The motion for new trial was overruled and plaintiff appealed.

If the facts alleged in the motion for new trial can be established, it is likely such would have a material bearing upon the rights of the parties to this litigation. If the purchaser of the car in question was the wife of defendant, W. C. Sasser, and not his daughter, for whom he intervened, this would present a situation, perhaps, quite different to that which con-

fronted the lower court. A significant fact bearing upon this line of discussion is that to the act of sale of the car, appearing in the record before us, the purchaser's signature appears thus: "Mrs. Sybil Sasser," while the affidavit delivered to the city marshal for the purpose of securing release of the car, or requiring him to protect himself by bond of indemnity, is signed "Miss Sybil Sasser," and the handwriting in each instance does not appear to be the same.

Attention is called in appellee's brief to the fact that a line has been drawn through that portion of the judgment appealed from allowing attorney's fees. It is argued that such erasure has been done without authority. Plaintiff by supplemental brief urges that this situation is another reason why a new trial should be granted.

The evidence adduced on trial of the case in the city court does not appear in the record, and without it we are unable to satisfactorily discuss some matters apparently incompletely reflected by the record.

We are of the opinion the motion for new trial filed by plaintiff should have been sustained to the end that a full disclosure of all the facts surrounding the purchase and ownership of the car in question might have been had. C. P. arts. 560, 561; Stone v. Rose, 2 La. Ann. 225; Robinson v. Howell, 22 La. Ann. 524; Auto Electric Co. v. Wilkinson, 1 La. App. 658.

For the reasons herein assigned, the judgment appealed from is reversed and set aside, and this case is remanded to the city court of Shreveport for new trial. Costs of appeal are to be paid by appellee; all other costs to await final determination of the case.