### No. 138.—JONAS ROBISON v. JOSEPH HOWELL.

The affidavit of the plaintiff in a motion for a new trial, in an action of boundary, sets forth that, after judgment was rendered, material evidence was discovered, which he could not obtain before, although due diligence was used, viz: That he can prove by R. W. Derve, surveyor of the city of Shreveport, that he has carefully surveyed and examined the lines affecting the rights of parties, and that he is satisfied Hall, the surveyor, never ran the line E. D., and if permitted to testify he will show that Hall could not have run the line in accordance with his order. Held—That the affidavit, setting forth these facts, brought the plaintiff strictly within the articles of the Code of Practice, which provide for such relief, and that a new trial should have been granted. C. P. 560, 561; 2 An. 225.

APPEAL from the District Court, parish of Caddo. *Levisee, J Nutt & Leonard,* for plaintiff and appellant. *Looney & Wells,* for defendant and appellee.

LUDELING, C. J. This is an action to fix the boundary between two lots of ground owned by the parties to this suit. There was a judgment in favor of the defendant, and the plaintiff asked for a new trial, on the ground, among others, of newly discovered evidence. In support of this motion, the plaintiff made an affidavit, setting forth the facts, " that, since the trial, he has discovered evidence important to the case, which he could not, with due diligence, have obtained on

the trial, in that he has discovered that he can prove by W. R. Derve, surveyor of the city of Shreveport, that he has carefully surveyed and examined the lines dividing the blocks from the ten-acre lots, particularly those affecting the rights of parties to this suit, and that he is satisfied that Hall never ran the line *e d*, and that, if permitted to certify, he will prove that Hall could not have run the line in accordance with his order, and that there is no good reason to believe that he ever did run it."

We think the judge erred in refusing the new trial. The affidavit in support of the application brings the plaintiff within the articles of the Code of Practice which provides for such relief. C. P. 560, 561. 2 An. 225, Stone *v.* Rose.

It is therefore ordered that the judgment be set aside, and that the case be remanded for a new trial. It is further ordered that the appellee pay the costs of this appeal.