## No. 10,784.

### UNION NATIONAL BANK VS. JOHN EVANS.

1. Verbal acknowledgment of a note, before prescription accrued, interrupts prescription; but the acknowledgment must be clear and unequivocal. On the trial there was no legal acknowledgment proven.

#### ON APPLICATION FOR NEW TRIAL.

2. If the defendant obtained immunity from the annoyance of his creditors by specially invoking his mortgage indebtedness, the opportunity will be given to prove the acknowledgment by admissible evidence, to ascertain whether prescription has been interrupted.

APPEAL from the Sixteenth District Court for the Parish of St. Helena. *Brame, J.*

*Carleton Hunt* for Plaintiff and Appellant:

The promissory note in suit, having been given in pledge, and being actually now in pledge as collateral security, prescription can not run on the note. Possession of the pledge by the plaintiff is a constant recognition of defendant's debt, and which prevents prescription even from beginning to run. 42 An. Rep., No. 8, p. 783.

Bank vs. Evans.

Aside from the foregoing the case is with the plaintiff. The evidence shows interruption of prescription. Verbal acknowledgment by the debtor is interruptive of prescription if made before the same has actually accrued. R. S. 1870, Sec. 2821; 31 An. 188; 21 An. 742; 23 An. 785; 2 Hennen's Digest, p. 1224, No. 1.

Should the evidence for plaintiff be deemed insufficient, the court will grant a new trial where the record discloses the existence of newly-discovered evidence, but which was entirely unavoidable to plaintiff in the court below.

*S. D. Ellis* and *J. H. Stone* for Defendant and Appellee.

The opinion of the court was delivered by

BREAUX, J. The plaintiff brought suit *via ordinoria* May 16, 1890, against the defendant on a promissory note of which he is the maker for the amount of $3173.58 with interest from maturity, dated March 5, 1884, and made payable on the 25th day of December of that year to the order of E. M. Hogan & Co., and secured as to its payment by mortgage.

No payment was made on the note subsequent to January 5, 1885. On that day, the sum of $657.70 was paid on account.

It was at the time held by the Union National Bank, to whom it was transferred.

The defendant excepted to plaintiff's demand and especially pleaded the prescription of five years.

The case was tried on the 20th of October, 1890, on the exception of prescription.

After trial there was judgment sustaining the exception.

A motion for a new trial was overruled.

From the judgment plaintiff obtained a devolutive appeal.

The note is prescribed on its face. It devolves upon the plaintiff to take it out of the rule of prescription by proving previous acknowledgments and interruption.

The principal witness, a member of the late firm of Hogan & Co., interested as an owner, testifies that the defendant at various times between 1885 and 1888 has assured him of his willingness to deliver the property mortgaged in part payment of the debt.

The defendant as a witness emphatically denies having made any statement to this witness acknowledging the claim, since the 15th day of March, 1885, at a time more than five years before service in the present suit.

Plaintiff's witness states that conversations with reference to this indebtedness were held in New Orleans, in certain years, at a certain commission house.

The defendant unhesitatingly contradicts plaintiff's witness, and says unhesitatingly that he was not in the city of New Orleans at any time during the years stated, and that he never was at any time present at the commission house named.

The testimony of a witness was introduced to corroborate plaintiff's witness.

He testifies about hearing a conversation but is not fortunate in the statement of the dates and does not materially corroborate the testimony on important points.

An acknowledgment to interrupt prescription must be direct, specific and absolute. A clear acknowledgment of the right. Lackey vs. Macmendo, 9 An. 17. It is not proven that prescription has been interrupted, and the case with the evidence before the court is with defendant.

### NEW TRIAL.

A motion for a new trial was filed and refused.

It is is alleged in the motion (under oath) that since the trial and since judgment, evidence has been discovered important to the cause (showing promise to pay the note). Two letters are annexed and a statement made of testimony discovered.

We deem it equitable and just to remand the case to enable plaintiff to prove legal interruption, if the defendant has made the acknowledgments alleged.

If, as sworn to in his application for a new trial, plaintiff has since judgment was rendered found out that the defendant has, at stated times, asserted his indebtedness to plaintiff to protect himself from the annoyance of his other creditors, and that his assurances about this indebtedness had impressed them with the uselessness of taking steps to have property seized and sold already mortgaged for as much as it was worth, no one will be injured by remanding the case. Norres vs. Hayes, 42 An. 860. If the defendant has derived an advantage, and has acknowledged the debt as alleged under oath, he should bear the burthen.

If he obtained immunity from the annoyance of his creditors by specially invoking this mortgage indebtedness, the opportunity will

be given to prove the acknowledgment, and the extent, in order to ascertain whether or not prescription has been interrupted thereby.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled and reversed; and it is further ordered that the cause be remanded for further proceedings, according to law, and that defendant and appellee be taxed with the cost of appeal, and those of the lower court to await final judgment.