No. 2711

Second  Circuit

———

HATFIELD  v.  GOESCH

———

(December 1, 1927.  Opinion and Decree.)
    (June 28, 1927.  Opinion and Decree on
Rehearing.)

———

(*Syllabus by the Editor.*)

1.  Louisiana  Digest—Evidence—Par.  351.

Where the overwhelming preponderance of
    the evidence is that an alleged forged
    document was not forged, judgment
    accordingly.

(ON  REHEARING)

2.  Louisiana  Digest—Appeal — Par.  729,
    731.

Where an instrument alleged to be forged
    was not obtainable at the time of
    the trial due to no fault of the par-
    ties to the suit, but is obtainable after
    judgment passed on appeal, it being
    necessary to have the alleged forged
    document introduced at the trial in
    order to properly reach a decision,
    the case will be remanded for a new
    trial.

Appeal from the Eighth Judicial Dis-
trict Court of Louisiana, Parish of LaSalle.
Hon. R. M. Taliaferro, Judge.

Action by Mrs. Caroline Luigi Hatfield
against W. D. Goesch, et al.

There was judgment for defendants and
plaintiff appealed.

Judgment affirmed.

A. D. Flowers and Hudson, Potts, Bern-
stein & Sholars, of Monroe, attorneys for
plaintiff, appellant.

Henagan & Gaharan, of Monroe, attor-
neys for defendants, appellees.

WEBB, J.   The plaintiff, Mrs. Caroline
Luigi Hatfield, brought this action to have
an instrument, which purports to be a sale
by her to W. D. Goesch of an undivided
one-half of the mineral rights on eighty
acres of land situated in the parish of
LaSalle, annulled and declared to be
forged, and to have the inscription of the
instrument as made on the conveyance
records of LaSalle parish cancelled and
erased, and she appeals from a judgment
rejecting her demands.

On May 12th, 1924, there was filed for
record in the recorder's office of the par-
ish of LaSalle an instrument under pri-
vate act of date May 6th, 1924, which ap-
pears on its face to be a sale by Caroline
Luigi to W. D. Goesch of one-half of the
mineral right in and under the SE¼ of
NE¼ and NE¼ of SE¼, Sec. 12, Twp. 10,
Rng. 1 East, of LaSalle parish; the in-
strument appears to have been signed by
plaintiff by mark, her signature being:
"Caroline her (X) mark Luigi", and to
have been witnessed by W. M. Cotton
and H. G. Adams, and to have been proven
before W. H. Mills, Notary Public, by
W. M. Cotton on May 8th, 1924.

W. D. Goesch sold to E. B. Randle one-
fourth of the minerals by an instrument
under Authentic Act of date May 12th,
1924, filed for record on same date, and
E. B. Randle sold to F. E. Jones and
W. Brewton one-sixth of the minerals by
deed under Authentic Act of date Febru-
ary 5th, 1925, recorded on same date.

Plaintiff filed this suit against W. D.
Goesch on April 15th, 1925, in which she
alleges that W. D. Goesch had on May 6th,

1924, forged her signature to the instrument without her knowledge or consent, and that she had not received any consideration, etc., and service was made on the defendant through a curator ad hoc, and by supplemental petition filed on May 25th, 1925, the transferees, E. B. Randle, F. E. Jones and W. Brewton were made parties.

W. D. Goesch appeared by counsel and answered denying the allegations of the plaintiffs' petition and alleging the validity of the sale, and the transferees adopted the answer of Goesch, and alleged that they were purchasers in good faith and on the face of the record.

The evidence establishes that Caroline Luigi and Caroline Luigi Hatfield are the same person, and it appears that the instrument which is attacked had been filed and that the recorder had retained possession of the instrument, but it could not be produced on the trial, and it being shown that it could not be found after a diligent search, a copy of the record appears to have been offered without objection.

The recorder testified that he had seen the instrument and that he recognized the signature of the notary before whom it purported to have been proven, and W. M. Cotton, one of the subscribing witnesses, stated that he had seen the instrument after it had been recorded, and that it was the instrument which he had signed as a witness, and he also testified that Mrs. Luigi signed the instrument in his presence and in the presence of the other subscribing witness, H. G. Adams, and the testimony of H. G. Adams was to the same effect.

W. J. Holman testified that he was present and saw Mrs. Luigi sign, and while neither of the witnesses, Cotton, Adams nor Holman, remembered whether the instrument had been read before it was signed, they all agreed that it had been signed at the commissary of the Standard Lumber Company at Olla, and Cotton and Adams stated that the notary, W. H. Mills, had held the pen for Mrs. Luigi to make her mark, and Cotton stated that the notary had written "Caroline Luigi" as shown by the instrument. Neither of the witnesses were able to state the date when the instrument was signed, and neither of them knew Mrs. Luigi before the time she signed the instrument, but each identified her as the person who signed the instrument.

Mrs. Luigi testified that she did not sign the instrument on May 6th or any other date, and she states that she was at home all day on the 6th of May, which date she recalled by reference to some transaction she had on that date, and she also said that she had never been in the commissary of the Standard Lumber Company (which was several miles from her residence), and as to her statement that she did not leave her home on the 6th of May, she is corroborated by three persons who were at her home during the greater part of the day on May 6th, 1924.

W. H. Mills, the notary public before whom the subscribing witness, Cotton, proved the signatures, was called, but his testimony was very vague and uncertain, and while he expressed an opinion that Mrs. Luigi was not present when the signatures were proven before him, we think a fair consideration of his testimony

leads to the conclusion that he did not have any independent recollection whatever of the incident.

There was testimony by persons who had attended to business for Mrs. Luigi to the effect that they regarded her as trustworthy and reliable, and W. D. Goesch was not present at the trial; neither does it appear that any effort was made to take his depositions.

While the instrument bearing date, May 6th, 1924, as between the parties, is presumed to have been signed on that date, the date is not sacramental, and considering the date on which the signatures were proven before the notary public, with the testimony of the subscribing witnesses, Cotton and Adams and W. J. Holman, we conclude that the instrument, if signed by Mrs. Luigi, was signed on the 8th of May, and if such was the case, the testimony of Mrs. Luigi as to her having remained at home on the 6th of May, and as corroborated in that respect by the three witnesses who visited her on that date, is not in conflict with the testimony of the subscribing witnesses and Holman, who testified that Mrs. Luigi signed the instrument on the 8th of May at the commissary of the Standard Lumber Company at Olla, and from this point of view the situation presented is that of the testimony of Mrs. Luigi, the plaintiff, standing opposed to the testimony of the subscribing witnesses and Holman, who are not shown to have had any interest in the matter.

While the testimony of Cotton and Adams is somewhat in conflict with the instrument in that they stated that Goesch had also signed, and may be said to have affected their credibility, yet the trial was had more than a year after the instrument was purported to have been signed, and the trial court before whom the witnesses appeared gave credence to their testimony, which we think he should have done, as it appears that their statements in conflict with the instrument were apparently merely the expression of an opinion on a matter which was not material to the issue, and as their testimony, as to the issue whether or not Mrs. Luigi signed, was supported by the testimony of Holman, we are of the opinion that the overwhelming preponderance of the evidence is against plaintiff and that this preponderance is not overcome by the failure of W. D. Goesch to appear at the trial, or to have presented his depositions.

The judgment appealed from is therefore affirmed.

### ON REHEARING

WEBB, J. This action involves a question as to the validity of a certain transfer of immovable property, the plaintiff contending that the instrument evidencing the transfer was a forgery, and on the trial the instrument could not be found, and the evidence as to the question of forgery was conflicting, involving questions as to the weight of the testimony and of the effect of the failure of the vendee to appear or give his testimony.

Since the original opinion was rendered by this court and in which a rehearing was granted, the instrument attacked has been found and can be produced on trial; and in view of the difficulty of attacking or supporting an instrument when the question of forgery is at issue, when the

instrument cannot be produced, and of the conflict in the evidence introduced under such circumstances, we are of the opinion that it would best serve the ends of justice to remand the cause for a new trial, it appearing that neither of the parties was responsible for the failure to produce the instrument.

It is therefore ordered, adjudged and decreed that the original opinion rendered by this court and the judgment of the District Court be set aside, and that the cause be remanded to the District Court for a new trial.