With their application for a rehearing, counsel for the plaintiff furnished the court with the original certificate of their client's honorable discharge from the United States Army.
In the petition for a rehearing it is alleged that the opinion and decree of the court is contrary to the law and the evidence which we consider to be more or less pro forma. It is then alleged that the certificate of discharge was being attached as proof of the fact that plaintiff is still disabled as appears from the certificate itself in the reasons given for his discharge. In the blank space assigned for the reasons for discharge appear the initials "CDD" followed by various other symbols all of which, according to the petition for a rehearing, means that plaintiff "can't do duty." This statement is further elaborated on in the petition and it is alleged that he cannot perform the services required of him in the Army because of the injuries *Page 244 
received by him and which gave rise to his claim for compensation.
It is next alleged that the court should have allowed the plaintiff to recover at least twenty-six weeks compensation, instead of the seventeen weeks which were awarded, this for the reason that under the compensation law if the final judgment is for seventeen weeks plaintiff can have no further recourse under the statute as it is necessary for the injured employee to recover at least twenty-six weeks if he wishes to have his case re-opened in order to have his continued disability investigated, to the end that the judgment may be modified.
The prayer of the petition therefore is (1) that a rehearing be granted and that the plaintiff be awarded the maximum amount of compensation, (2) in the alternative, that the judgment be amended by increasing the number of weeks for which he was allowed to recover from seventeen to twenty-six, and (3) again in the alternative, that the case be remanded to the lower court for the taking of testimony on the question of his disability.
After carefully considering the application, we decided, mainly on the strength of the allegation in the petition with reference to the certificate of discharge, to issue an order to the defendant to show cause why the case should not be remanded to the lower court for the purpose of taking additional testimony. In effect therefore we treated the application for rehearing as a motion to remand by ordering a rule nisi to issue before granting the motion. The only question we will consider therefore is whether the case should be remanded, as to which, counsel for defendant have urged very strong opposition.
It cannot be questioned that as an appellate court, we have the right to remand the case for any purpose we should see fit if it has been submitted to us on the merits. Article 906 of the Code of Practice gives us that right. It is therein provided that if the court shall think it not possible to pronounce definitely on the cause, in the state in which it is, "either because the parties have failed to adduce the necessary testimony, or because the inferior court refused to receive it, or otherwise, it may, according to circumstances, remand the case to the lower court, with instructions as to the testimony which it shall receive, to the end that it may decide according to law." (Italics ours.) It has frequently been held that this article leaves the matter largely within the discretion of the appellate court. In Mayer v. Barrow, 182 La. 983, 162 So. 748, 750, it is stated: "On the other hand, it has been decided that article 906 of the Code of Practice leaves the matter largely within the discretion of the appellate court, after the case has been submitted to the court for decision on its merits, to determine whether the administration of justice demands that the case should be remanded for the purpose of hearing additional evidence." Several cases are cited. In that case the point made was whether the remand could be ordered before the appellate court had had the case before it on its merits. A prior decision had held, and very properly so, as we view it, that it could not be remanded before it had been submitted on the merits. In this case we are not bothered with that problem because not only has the case been submitted on the merits, but a decision has already been rendered. Indeed, the point is made by counsel for the defendant that the case having already been decided, that decision should be made final or else a rehearing granted and no remand of the case should be made for the purpose of hearing further evidence as the parties have had full opportunity before, to present all the evidence they had.
We have been unable to find any case in which the matter of remanding it was considered by an appellate court after it had been decided on original hearing. But still in view of the broad discretion which seems to be given to appellate courts by Article 906 of the Code of Practice, to remand a case for the reasons therein specifically stated, or otherwise, as therein provided, we know of no reason why they should not exercise the use of their discretion in the interest of the administration of justice at any time before a final decision has been rendered. In the case of Culliver v. Garric et al., 13 La. 137, the Supreme Court twice remanded a case to the district court since, as is stated in the opinion, "the justice of the case * * * appears to require that he (the plaintiff) should be afforded a further opportunity of obtaining from the secretary of war legal evidence of the contract, by which he transferred to the United States a tract of land in exchange for the one which it is his object in the present suit to obtain." Invariably, we find that it is in the interest of justice or *Page 245 
of the administration of justice that the case should be remanded.
It was our idea when this application for rehearing came before us with the certificate of discharge attached to it, that the plaintiff had made a reliable allegation when he averred that as shown by the certificate, he had been discharged for the reason that he could not do the duty he was to be assigned to in the army as a longshoreman. We had decided the case entirely on the testimony of the doctors who had testified at the trial. The discharge appeared to us to have been signed by some medical authority and we assumed from the physical examination that had been made of this man that he was disabled. We therefore began to doubt whether our decision was correct and also thought that the doctors who testified might not have given sufficient consideration to his condition when they all stated that in their opinion he was able to do hard manual labor. The certificate of discharge therefore appeared to us a piece of new evidence which it was worthwhile for the court to look into further. We, as an appellate court, could not consider it as new evidence in the case at this time and give it the effect which the other testimony submitted in the trial court had to be given. "New evidence may not be introduced in this court. Code Prac., arts. 894, 895. Therefore the court may not consider, on this appeal, the new evidence offered. Plaintiff, anticipating the possibility of such a ruling, has asked in his brief that, in the event our conclusion be adverse to it, the case be remanded. We may remand the case, in the furtherance of justice, to afford an opportunity to establish the true situation." The language just quoted is taken from the case of Klopstock Co. v. United Fruit Co.,171 La. 296, 131 So. 25, 27. In that case the new evidence sought to be introduced consisted of an affidavit concerning the shipment of two cars of flour with a view of showing whether the shipment was one under interstate commerce or not, as the issue in the case seemed to depend upon the nature of the shipment. It strikes us that in our case we have something a little more substantial than an affidavit when we are presented with a certificate of discharge from army service, and, it is claimed that the discharge is based on the ground that a disability for which we had limited the plaintiff's compensation to seventeen weeks still exists.
In the case of Summers v. Crescent City R. Co., 34 La.Ann. 139, 44 Am.Rep. 419, we find that the Supreme Court refused to remand a case on the ground of newly discovered evidence disposing of the matter simply by stating that "it would require an extraordinary state of case to induce us to follow the precedent set in Schneider v. Etna Life Insurance Co., 30 La.Ann. 1198." In the Schneider case referred to, we find that the suit involved a policy of insurance covering the life of a man who supposedly was dead and the question of remand arose in the Supreme Court under a suggestion made that he was still alive. The proof filed with the suggestion apparently supported it, but it was emphatically contradicted by the other side. Still, the court stated that although there was no precedent in the reports to the application for the remand of the case, nevertheless, "it is the duty of courts to make precedents when the ends of justice demand it." Notwithstanding the fact that the circumstances in that case are referred to in the Summers case as being extraordinary, we do not believe that those in the Klopstock case which we have referred to can be said to be so and in fact they appear to be very more ordinary than those which now arise in the case before us.
The defendant's counsel in this case informed us that counsel for plaintiff are in error in their interpretation of the reasons given in the certificate for plaintiff's discharge. Clearly there is no agreement as to what is meant by the letters "CDD" and so much more the reason we believe, why there should be some explanation given, and placed in the record, for plaintiff's discharge so that the court may intelligently act on the question.
Much is said in argument about the impracticability of having the men who passed on the discharge summoned and brought into court, but at least an effort should be made in that direction and if they cannot, but can be located, their testimony might be taken by deposition. It may be too that the other symbols appearing as the reason of the discharge would have some bearing on the matter and it seems to us that either side should be able to produce some witness to testify what their meaning is. Besides, the certificate shows that at the time plaintiff was discharged, his physical condition was said to be good. Does that mean wholly good without any ill effects from his injuries or does it mean good except for the *Page 246 
effect from the injury? Another thing we have in mind is the fact that plaintiff was inducted into the service several months before he was discharged. It is reasonable to assume that at the time, he passed a satisfactory physical examination and therefore if he was discharged for any reason of disability, it may be for something that happened to him subsequent to his induction. We also are informed that he is being pensioned. If he was inducted as a man who was unable to perform the duties assigned to him, is it reasonable to assume the government would be paying him a pension simply for having been inducted and then re-examined a few months later and discharged, without his having done any service at all?
All of these are the things which prompted us, in considering the case, to issue a rule to show cause why it should not be remanded to the end that they all may be investigated and after it is shown as a result of that investigation that this man suffered an injustice at our hands when his compensation was limited to seventeen weeks, we should correct the error and award him the compensation to which he is justly entitled.
For the reasons stated it is ordered that the original judgment and decree herein handed down on February 3, 1944, be and the same is hereby avoided, set aside and annulled and it is further ordered that this case be now remanded to the Fourteenth Judicial District Court of the State of Louisiana, in and for the Parish of Calcasieu, for the purpose of having taken and placed in the record all available testimony relating to the discharge of the plaintiff herein from the United States Army and such additional testimony as may be produced by either side regarding plaintiff's ability or disability to do and perform hard manual labor.
All costs of this present appeal are to be paid by the defendant and all other costs to abide the final determination of the suit. *Page 335