TATE, Judge.
Plaintiff-appellant filed a motion for rehearing from the judgment of this court dated June 30, 1955, within the legal delays. On September 2, 1955, he filed what is denoted as a “Supplemental Application for Rehearing • of Plaintiff-Appellant”, or in the alternative as a “brief in support of the original application for rehearing”, in which for the first time he requests remand of this case to take the testimony of a neurologist. He attaches a report of a neurologist showing date of examination as September 1, 1955, and this report indicates that in the neurologist’s opinion, plaintiff is disabled. In our original opinion, we had commented on the absence of such testimony, and it is probable or at least very possible that the majority would have remanded the matter for such purposes had the request and showing been made timely, and on a showing that such evidence was not available at the original trial, see Vilce v. Travelers Insurance Co., La.App., 1 Cir., 18 So.2d 243; Barnes v. American Mutual Liability Insurance Company, La.App., 1 Cir., 62 So.2d 843, and Betz v. Travelers Insurance Co., La.App., 1 Cir., 68 So.2d 666.
It is likewise true that ordinarily matters raised for the first time by supplemental application for rehearing filed after the legal delays have expired, will not be considered; Kelly v. Ozone Tung Cooperative, La.App., 1 Cir., 38 So.2d 232.
But in a compensation proceeding such as this, where as the application indicates the allegedly injured employee was unable to obtain for financial reasons such examination until a member of the Department of Public Welfare paid for it when the claimant went to the Department for financial assistance for himself and his large family due to his allegedly disabled condition, I believe our discretion to remand this case should be exercised in the interest of justice and in view of the humanitarian aims of the CompensatioE Act. It is true that much the preferable procedure would have been to have offered such testimony to the trial court, securing if necessary the delay in closing of the evidence and the transcript when on the day of the trial it was indicated that the testimony of neurologists or neurosurgeon would be most competent to determine the cause of the claimant’s alleged disability, if any. It is true that efforts should have been made to secure this offering at least before this case was argued. And it is equally true that such remand should ordinarily be permitted only in exceptional circumstances.
But here it is alleged that the petitioner is penniless and the father of a large family and was unable for financial reasons at any time to secure this examination by competent specialists. Orthopedists produced by defendant employer testified there was nothing orthopedically wrong with the claimant, just as general practitioners furnished by the plaintiff felt that plaintiff was disabled. We are sure that the District Court would have wanted this testimony of neurosurgeons to enable it to resolve the dispute, especially since the alleged disability was within the field of neurology or neurosurgery. As a practical matter, unless one of the parties offered to pay for this examination in this proceeding filed in forma pauperis, neither the District Court nor ourselves could require production of this testimony by a neurologist or neurosurgeon. Plaintiff-employee’s disability was, so to speak, found “not proven” rather than not existent, partially because of the absence of such specialized examination and testimony.
Rather than refuse the allegedly injured employee his opportunity to present medical testimony in a field not covered during-the trial for reasons shown there and in the record, in my opinion, we should grant a remand limited to the special-purpose of taking testimony of this nature.
For these reasons, I respectfully dissent from the majority’s refusal to grant a. rehearing.