BOLIN, Judge.
This is an appeal from the refusal of the lower court to annul and set aside its judgment relative to certain expropriation proceedings involving property owned by the defendants and taken by the plaintiff for highway purposes pursuant to LSA-R.S. 48:441 to 48:460.
The property involved is a small parcel of land containing 290.24 square feet, located at the intersection of Caddo and Common Streets in the City of Shreveport, Louisiana. Pursuant to the provisions of the above statute, plaintiff presented a petition to the district court wherein it was alleged that this small parcel of land was necessary for the construction of a state highway. As is necessary in such cases, there was attached to the petition a survey of the property and an estimate of the value of that portion to be taken, which estimate was prepared and signed by two appraisers who had been selected by the plaintiff for such purpose. Article 11 of the plaintiff’s petition provides as follows:
“There is a one-story frame, duplex dwelling situated partially upon the above-described parcel of ground.”
The estimate which was attached to the petition fixed the just compensation as follows :
“Value of Land and Improvements . $3,725.00 “Damages . 425.00 “Total $4,150.00”
In conformity with the statute, and following the normal sequence in such cases, the sum of $4,150 was ordered to be placed in the registry of the court and the plaintiff was given title to the property involved by an ex parte judgment, the pertinent portion of such judgment providing:
“And It Is Hereby Further Ordered that the full ownership of the following described parcel of ground and the improvements situated thereon is expropriated and taken for highway purposes as of the time of such deposit, according to law, to-wit: (therein follows the legal description of the 290.24 square feet of property taken) * *
“And It Is Hereby Further Ordered that the defendants, Mrs. Etta Alltmont Freyer, A. B. Freyer and Friedler J. Zuzak, do vacate the hereinabove described parcel of ground and the improvements situated thereon and surrender possession thereof unto the said plaintiff not later than thirty (30) days after being served with notice of this suit.” (Emphasis ours.)
The record further shows that eighteen days after the above judgment was signed by the district court, the defendant filed an answer to the petition wherein they admitted all of the material allegations as to the necessity of the expropriation, value of the property, etc., except that in answer to Article 11, the defendants answered as follows:
“Defendants admit that there is a one story duplex dwelling situated on said Lot 34, a portion of the porch, and steps on one of the duplex sides being situated on the property herein expropriated.”
Having admitted the estimate of value fixed by the plaintiff to be correct, they prayed that such valuation be accepted by the court as just compensation for the property taken, and that they accordingly be allowed to withdraw the funds. Pursuant to LSA-R.S. 48:449, a rule was issued and directed to the district clerk to show cause why the money on deposit should not be released to the defendants as prayed for. The order was signed by the district judge on December 27, 1957, and made returnable on January 2, 1958.
Even though the plaintiff was not made a party to this rule, the record shows that a notice of same was given by mailing a copy of the pleadings to the attorneys for the plaintiff; and that such notice was re *116 ceived in due course by such attorneys at their offices in Baton Rouge, Louisiana, on December 30, 1957. The plaintiff did not file any pleadings under the above rule, nor was anyone present representing it at such hearing. Therefore, on January 2, 1958, the district court signed an order which provided in part as follows:
“ * '* * it appearing that defendants have complied with the order of the court by vacating the parcel of ground herein expropriated and the improvements situated thereon and surrendered possession thereof unto the plaintiff, as directed by order of the court dated December 2, 1957; it appearing that the sum alleged, in plaintiff’s petition as just compensation to which defendants are entitled, according to estimate filed herein, has been admitted and agreed to in defendants’ anszver filed herein; the law and the evidence being in favor thereof,
“It Is Hereby Ordered, Adjudged and Decreed that the amount of compensation to which defendants are entitled herein is hereby fixed in the sum of $4,150.00. * * (Emphasis ours.)
The attorneys for plaintiff claim in their brief filed before this court that a copy of the above judgment was not sent to the State Department until same was requested by them from the clerk of the district court, and which was received on March 17, 1958. There is nothing in the record to substantiate this claim, and we go beyond the record to make reference to same because we feel that such notice was not required under our law, and also in order to better explain the final action of this court. In any event, the next action taken by the plaintiff in the matter was on July 30, 1958, when it filed a petition setting forth in essence, for the first time, that the total estimate of $4,150 for the defendants’ property included an amount for the entire frame duplex building which was located thereon; that because the defendant had only removed the steps and part of the porch thereof and retained the remainder of the building, the court was in error in granting them the entire $4,150, and allowing them to also retain the building which was located entirely on their property after the removal of the steps and a portion of the porch. The prayer of this petition was that a rule issue against the defendants requiring them to show cause why they should not either return the amount of the deposit applicable to the building, or cease and desist from exercising any ownership over the said building. The defendants in rule filed an exception of no cause of action, plea of estoppel, and res adjudicata in opposition thereto, and on August 25, 1958, the trial court apparently sustained such exceptions inasmuch as the record reflects that the rule was discharged for the reason that the judgment signed on January 2, 1958 was a final judgment.
Apparently in anticipation of the court’s ruling upon the rule which was made returnable on August 7, 1958, the plaintiff also filed a petition to have the judgment of January 2, 1958, declared a nullity. The defendants filed an exception of no cause or right of action to this petition also, but this was overruled and the case went to trial on the plaintiff’s petition for a nullity of the judgment in question. In due course, the district court rendered a judgment rejecting the plaintiff’s demands that the judgment of January 2, 1958, be declared a nullity. It is from this judgment that the plaintiff has perfected this appeal.
Louisiana Constitution, Article VI, Section 19.1, was amended in 1948, in order to generally authorize the immediate taking of property for highway purposes by means of an ex parte order in expropriation proceedings, provided certain safeguards were complied with. Pursuant to this constitutional authorization, Act No. 107 of 1954 was enacted, which act has been incorporated in our Revised Statutes as LSA-R.S. 48:441 to 48:460. In order to better understand the problem with which we are confronted herein, we deem it appropriate to *117 give a brief resume of the statute in question. Sections 441 through 448 thereof outline the method by which the expropriating authority (being referred to in the statute as the plaintiff), may acquire the property prior to a trial in the district court. These provisions briefly set forth the following requirements:
1. The filing of a petition with the necessary attachments, such as a certificate showing the necessity of the taking, estimate of adequate compensation, etc.
2. Upon the deposit of the amount of such estimate in the registry of the court, title to such property immediately vests in the plaintiff.
3. Each property owner (referred to as defendant) must be served with a notice of such an order of taking, and thereafter is allowed a certain number of days in order to contest the public necessity or he waives such right.
4. If there are improvements on the property, the district court may allow as much as thirty days from the date of such order for the defendants to vacate and surrender the property.
Because we feel the correct interpretation of Section 449 controls the controversy now before us, we will quote same in its entirety:
“Upon the application of any party in interest, and upon due notice to all parties, the court may order that the money deposited, or any part thereof, be paid forthwith to the person entitled thereto for or on account of the just and adequate compensation to be awarded in the proceedings.
“The court may make such orders as shall be just and equitable to direct the payment of taxes, encumbrances and other charges out of the money deposited.” (Emphasis ours.)
The remaining Sections (450 through 460), outline the methods by which “any defendant may apply for a trial” in the event he is not satisfied with the amount so deposited in the registry of the coitrt by the plaintiff. In the event such a judicial determination is desired by the defendant, the provisions referred to establish definite rules to be followed concerning the necessary delays, value, damages, etc.
The plaintiff has contended throughout this litigation that the trial court was in error in fixing the compensation due for the property expropriated pursuant to Section 449 of the statute. In other words, it is the Department of Highways' contention that the only way the district court may finally determine the amount due for the property expropriated is by means of a trial on the merits pursuant to the provisions of Sections 450 through 460 as above outlined. We cannot agree with this contention inasmuch as both Sections 450 and 451 clearly provide “any defendant may apply for a trial to determine * * *.” To us the logical interpretation is that the property owner may accept the amount deposited in the registry of the court under Section 449, or if not satisfied with such an estimate, he may apply for a determination of a just award under the latter provisions. We are further fortified in our conclusions on this point because the provisions permitting a trial on the merits are only applicable by their clear language to the “defendant”.
Applying our interpretation of the statute to the problem at hand, we can readily understand why the trial judge fixed the compensation to be awarded to the defendants as the amount shown in the estimate of the plaintiff’s appraisers. The record does not disclose he had any evidence presented to him at the time of the hearing of this rule on January 2, 1958, which indicated the defendants were not the “persons entitled thereto”.
Our study of the entire record does not convince us that any fraud has been practiced by anyone in connection with this case, but we do have serious doubts as to *118 whether justice has been done to all parties. It seems highly probable that the estimate of valuation made by the appraisers appointed by the plaintiff included an amount for the entire frame dwelling located on the property. Regardless of the technical reasons why this evidence was not presented at the hearing on January 2, 19S8, the fact remains that if such evidence had been presented, the court could have refused to pay the entire $4,150 to the defendants as they would not have been the persons “entitled thereto”.
In declining to nullify the judgment, our esteemed brother below assigned as his reasons that none of the errors complained of fell within the causes for which a judgment could be annulled under La.C.P. Articles 604 to 606. We are in complete accord with such reasons, but this court is not bound by the same rules in ordering a remand of a case for the introduction of further evidence if we conclude, after a careful study of the record and briefs, that a grave injustice might result. La.C.P Article 906. After the effective date of the new code of civil procedure, we note LSA-C.C.P. Article 2164 provides:
“The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal * íjí í}í »
The annotations under the above article clearly show that if, in order to get the truth, it becomes necessary to remand a case for further evidence, the court of appeal must do so.
Realizing the possibility of a grave injustice being committed by allowing the judgment to stand, and feeling that no great harm can result by remanding the case for the introduction of further evidence as to what the money deposited in the registry of the court was in payment for, we feel that the case should be remanded. We order such remand, fully cognizant of the fact that some of the conclusions we have reached have been partially predicated upon statements made by counsel in their briefs. However, in exceptional cases-in order to see that true justice is done, we should have no hesitancy in remanding a case for the purpose of allowing the introduction of evidence to substantiate such statements made by counsel.
In arguing against a possible remand of the case, counsel for the defendants makes the following statement in his brief:
“It is elemental that the law will not require vain and useless things and we respectfully submit that the annulment of the judgment challenged here could hot possibly serve any practical or useful purpose. As heretofore pointed out, Sec. 449 of the statute invoked by appellant’s expropriation proceeding expressly provides that the defendant in such action has the absolute legal right, on motion with notice, to have the compensation money deposited in escrow with the court delivered to the defendant. Accordingly, that portion of the judgment involved here could not possibly be challenged on any ground disclosed in the record.” (Emphasis ours.)
While we do not doubt the esteemed counsel’s sincerity in making such statement, we are not so certain that the defendants had “the absolute legal right” to the-judgment in question. As previously pointed out herein, Section 449 of the statute provides: “the court may order that-the money deposited, or any part thereof, be paid forthwith to the person entitled' thereto * * In this connection,, we feel it appropriate to quote the following language from the recent case of State, Through Department of Highways v. Sumrail, 1960, 240 La. 147, 121 So.2d 724, 726:
“The argument that separate deposits are required rests squarely on the premise that apportionment of the deposit between the owner and lessee is-necessary in order to permit an immediate withdrawal of the deposit by the. *119 owner of each right. However, the controlling * * * constitutional provision, Article VI, § 19.1, is completely silent as regards any right of immediate withdrawal, requiring only a deposit of the appraised valuation of the property before the taking. Turning to the statutes, it appears that the sections (LSA-R.S. 48:449 and 48:458 cited in footnote) providing for withdrawal of the deposit were confected with a view toward some reasonable delay in distributing the fund in some instances. Thus, it does not appear that there is absolute right to an immediate withdrawal of the fund under the Constitution or under the pertinent statutes * * (Emphasis ours.)
Thus, we feel if the plaintiff had appeared at the hearing on January 2, 1958, and presented evidence that the total appraisal included the house which was retained by the defendants, the trial judge would not only have been authorized by the provisions of the section in question to withhold payment of the amount to the defendant, but it is assumed that he would not have rendered such a judgment. Counsel for defendants further makes the following observations in his brief:
“For the sake of argument of this particular phase of the case, what could possibly be accomplished for the appellant by a decree of annulment by this Honorable Court? The judgment complained of having been signed by the District Court on January 2, 1958, the time for taking any devolutive appeal has long since elapsed. There certainly could be no demand made in the District Court by appellant on any issue of value of the property expropriated, as specifically described in the petition for expropriation, the notice given appel-lees and the order of the court declaring title to be vested in appellant. There is no provision whatsoever in the statute invoked by the expropriation suit, which authorizes any trial or demand for trial on the issue of value of the property taken, at the request, motion, or demand of expropriating plaintiff.” (Emphasis ours.)
We are also compelled to take issue with a portion of the above statement of counsel. As we appreciate Section 449 of the statute, the court may order the money from the registry of the court turned over to the defendant as full and final payment when it feels that such defendant is the “person entitled thereto”. If, on the other hand, the court has some reason to believe that there is some conflict or disagreement as to who is entitled to the money, it can refuse to order its disbursement by such procedure. Under these circumstances, the defendant is relegated to those sections of the statute requiring a trial on the merits. While we must concede that the defendant is the only one who may request such a hearing on the merits, it logically follows that in this case, as well as in all others, he would certainly request such a hearing if the court refused to enter a judgment ordering the amount in the registry of the court turned over to him as just compensation for his property.
For the reasons stated herein, we feel that the ends of justice would best be served by annulling and setting aside the judgment in question and remanding the case to the district court with instructions, and for the limited purpose of the introduction of evidence, by all parties concerned, as to whether the amount deposited in the registry of the court included a sum for the payment of the house located on the property. After hearing such additional evidence, the trial court shall either reinstate, modify, or set aside its previous judgment of January 2, 1958.
Section 451 of the statute in question provides that a defendant must apply for a trial on the merits for the purpose of determining the adequate compensation “within one year from the date he is notified in writing by the department that it has finally accepted the construction of the *120 highway project for which the property was expropriated.”
Inasmuch as the record does not reveal that any such notice has been given the defendants herein, it is the judgment of this court that such time will not begin to run against the defendants in this particular suit until same has been filed in said record. We make this a part of the judgment for the protection of these defendants in the event they may ultimately be required to institute such proceedings.
For the reasons stated herein, the judgment of the lower court is reversed and set aside, and the case is remanded to the Honorable First Judicial District Court, in and! for the Parish of Caddo, for further proceedings consistent with law and the opinion herein.
Reversed and remanded.