181 So.2d 47

**Jo Ann Joris GALLAGHER**

v.

**James Albert GALLAGHER.**

No. 47797.

Dec. 13, 1965.

Martin S. Sanders, Jr., Kermit M. Simmons, Winnfield, for defendant-relator.

Love, Rigby & Donovan, by Kenneth Rigby, Shreveport, for plaintiff-appellant and respondent.

SUMMERS, Justice.

Jo Ann Joris Gallagher instituted suit against her husband James Albert Gallagher for separation from bed and board on account of cruel treatment. In her petition the plaintiff wife prayed for a dissolution of the community, custody of the two minor children, issue of the marriage, and she also sought a rule against the husband to fix alimony pendente lite for herself and the children.

The husband answered, denying the cruel treatment, and reconvened seeking a decree of separation from bed and board in his favor by reason of abandonment by the wife. In his answer he conceded that the wife was entitled to the custody of the children but denied his ability to pay alimony even for his children.

The suit was tried on the merits on May 15, 1964, and continued to May 21, 1964, at which time the trial was completed. There was judgment rejecting the wife's demand for a separation from bed and board and in favor of the husband against the wife decreeing a separation from bed and board on the grounds of abandonment. Custody of the children was awarded to the wife.

During the course of the trial, on May 15, 1964, the husband testified that he was not employed and had not been employed since early in April of 1964; and later, during the trial on May 21, 1964, he again testified that he was unemployed and had no income. On this latter date he also testified on cross-examination that he was not the owner of a 1964 Buick automobile he was then driving.

The trial judge assigned reasons which disclose that his judgment was based particularly upon the credibility and reliability of the husband's testimony. In his reasons he stated that he was not impressed with the accuracy of the testimony of Mr. Jones, one of the wife's witnesses, "nor his veracity, nor his ability to remember; but was impressed with the testimony of the defendant. Although the defendant certainly had an interest, and certainly is a more interested witness * * * his demeanor on the stand, the way he answered the questions, indicated that he was giving an answer that impressed the Court with his effort to give truthful testimony."

The wife appealed, and the Court of Appeal affirmed the judgment in favor of the husband. Meanwhile, on September 14, 1964, during the pendency of the ap-

peal, the wife's rule for alimony pendente lite against the husband was tried. On the trial of that rule it was proven by documents and testimony that the husband was employed by Acadian Mortgage Corporation on May 15, 1964 through May 31, 1964 and thereafter at a net monthly salary of $719.53.

After the judgment of the trial court was affirmed by the Court of Appeal the wife applied to that court for. a rehearing and filed therewith, on October 19, 1964, a motion to remand the case to the trial court. The motion to remand was based upon newly discovered evidence establishing the fact that the husband had testified falsely upon.the trial of the merits of the suit for separation from bed and board concerning his employment and the ownership of the Buick automobile. Attached to the motion to remand was a transcript of the evidence taken at the hearing on the rule for alimony pendente lite on September 14, 1964 and the following documents: Application for Certificate of Title and Motor Car Registration showing that title to the Buick automobile was registered in the name of the husband on May 18, 1964; Department of Revenue Sales Tax Return, showing payment of sales tax on the Buick automobile by the husband as purchaser; chattel mortgage executed by the husband on May 18, 1964 affecting the Buick automobile; certificate of the Secretary of State with an.extract of the meeting of shareholders of Ford Mortgage Corporation showing the change of name to Acadian Mortgage Corporation executed by the husband as president of Ford Mortgage Corporation on May 13, 1964 and filed of record in the office of the Secretary of State of Louisiana on May 29, 1964. The testimony and documents established conclusively that the husband was employed by Acadian Mortgage Corporation on May 15, 1964 and that he had title to the Buick automobile as owner on May 18, 1964 and thereafter, both of which facts he denied in his testimony of May 15 and 21, 1964 on the trial of the issue of separation on its merits.

The Court of Appeal granted a rehearing and then found, in view of the contradictions shown by the transcript and documents attached to the motion to remand, that the husband had testified falsely during the trial on the merits of the separation suit and that his testimony "should be accorded little, if any, weight in determining the merits of the separation suit." The court then proceeded to consider the record, excluding the husband's tesimony, and found the evidence to be uniform and convincing that the husband was guilty of such cruelty as to render their living together insupportable within the contemplation of Article 138(3) of the Civil Code.

Thereafter the husband applied to this court for writs of review which we grant-

ed but "limited to the question of whether the case should have been removed (remanded) to the trial court." (Parentheses added.)

■ We are of the opinion that the Court of Appeal erred when it considered, for the first time, the documents and the record of the testimony adduced on September 14, 1964 at the trial of the rule to fix the alimony of the wife pendente lite, which were attached to the motion to remand, in order to reverse the trial court on the issue of separation from bed and board. This evidence formed no part of the record of the trial of the separation suit on its merits. However, it is not only obvious that that evidence has a bearing upon the controversy; but it is apparent that it is vital evidence, for it seriously affects the credibility of the husband's testimony, which was an all-important factor in arriving at the judgment in his favor initially.

■ There is no article in the Code of Civil Procedure which specifically gives an appellate court the right to remand a case for the reception of new evidence. This power, however, has been continuously exercised when a litigant has procured evidence which is important to his case and which he could not, with due diligence, have obtained before. Union National Bank v. Evans, 43 La.Ann. 372, 9

So. 44 (1891); Robison v. Howell, 22 La. Ann. 524 (1870); Vilce v. Travelers Ins. Co., 18 So.2d 243 (La.App.1944); Hatfield v. Goesch, 6 La.App. 718 (1927); Succession of Oliver, 1 La.App. 526 (1925); 19 Tul.L.Rev. 305 (1944). The exercise of such power is necessary in order that evidence discovered subsequent to the period allowed for application for a new trial in the district court may be considered in the case, since the introduction of new evidence in the appellate courts is prohibited. This prohibition against the reception of evidence by the appellate courts was true under Article 894 of the Code of Practice of 1870 which declared that the Supreme Court could receive no new evidence, even though it may have been discovered since the judgment below. This article of the Code of Practice was likewise applicable to the Courts of Appeal under Article VII, Section 27 of the Constitution. That section also declares that "All cases on appeal to the Courts of Appeal shall be tried on the original record, pleadings and evidence." This simply means what it says and inferentially precludes the consideration of newly discovered evidence or anything else outside of the "record" on appeal. These principles have not been altered by the replacement of Article 894 of the Code of Practice by Article 2164 of the Code of Civil Procedure. Article 2164 provides that appellate courts shall render judgment "upon the *record* on

appeal," which likewise precludes the consideration of evidence outside that record, such as evidence discovered since the delay for applying for a new trial in the court below.

It was not uncommon under Article 906 of the Code of Practice of 1870, to remand a case in order that the ends of justice should be served by the obtaining of additional evidence. Mayer v. Barrow, 182 La. 983, 162 So. 748 (1935); Brasher v. Grant, 1 La.App. 457 (1925); Buffalo Specialty Co. v. G. Pitard's Sons, 14 Orl. App. 395 (1917). And under the authority of Article 2164 of the Code of Civil Procedure the same result has obtained. Gulf C. & S. F. Ry. Co. v. Louisiana Public Service Commission, 243 La. 290, 143 So. 2d 75 (1962); Texas Pipe Line Co. v. Johnson, 223 La. 380, 65 So.2d 884, 38 A.L. R.2d 785 (1953); State Through Dept. of Highways v. Freyer, 129 So.2d 114 (La. App.1961).

■ Since we find this newly discovered evidence important, and, inasmuch as it is quite evident from the dates on the documents that this evidence could not have been discovered and produced with due diligence on the part of counsel before or during the original trial, the case should be remanded to the lower court for the reception of this new evidence and for reconsideration of the issue of separation from bed and board in the light thereof. Texas Pipe. Line Co. v. Johnson, supra;

Chalmers v. Frost-Johnson Lumber Co., 143 La. 836, 79 So. 424 (1918).

It is therefore ordered that the judgment of the Court of Appeal is annulled and the case is remanded to the trial court for further proceedings consistent with the views herein expressed. Costs of the proceedings in the Court of Appeal and this court are to be borne by defendant-husband James Albert Gallagher.