BLANCHE, Judge.
This matter is now before us on defendant-appellee’s motion to remand for the introduction of additional evidence.
Plaintiff brought this action against defendant individually and for the use and benefit of her minor daughter Doris Dae Smart, alleging that the minor suffered personal injuries when defendant forcibly ejected her from his business establishment without cause or justification. The injuries were alleged to have occurred on September 21, 1958, and suit was filed September 17, 1959. Defendant was duly cited but failed to answer, and on April 2, 1960, the preliminary default taken by the plaintiff was confirmed. The minute entry on that date reflects:
The defendant being present in Court without an attorney, stated that he desired to go to trial without being represented.
Judgment was rendered in favor of plaintiff and against defendant. Thereafter, defendant made timely application for a new trial and represented to the court that he was under the impression that he had retained counsel to defend him in the matter, but as the result of a misunderstanding, he was not represented and that since the default judgment he had discovered “new evidence which is material to this case.” A new trial was granted. Defendant then answered plaintiff’s demands, admitting that plaintiff’s minor daughter was asked to leave his place of business and that she left voluntarily. Defendant denied any use of force. Thereafter, Doris Dae Smart Kern reached the age of majority and was added as a party plaintiff on her own behalf.
The matter was tried on three separate days, January 30, 1962, March 1, 1962, and March 28, 1963 having been left open on each previous date for the introduction of additional testimony. On October 17, 1968, judgment was rendered in favor of plaintiff Doris Dae Smart Kern and against the defendant. The plaintiffs appealed devolutively, complaining of the amount of damages awarded. Defendant neither appealed nor answered.
On May 28, 1969, defendant filed a motion in this court praying that the appeal be remanded for the introduction of further testimony. The motion alleges that subsequent to the trial and appeal, defendant discovered that Doris Dae Smart Kern suffered injuries similar to those complained of in this suit when involved in an automobile accident which occurred four days prior to the incident at defendant’s establishment. The appellants have answered the motion to remand and questioned the authority of the court to remand the case in the absence of an appeal by movers.
Since the case is properly before us on appeal, it is our view that we have discretion to remand the case to the trial court without regard to which party perfected the appeal. If the ends of justice are properly served by the obtaining of additional evidence, it is of no moment to us that the aggrieved party has failed to appeal. LSA-C.C.P. arts. 2082 and 2164.
In Gallagher v. Gallagher, 248 La. 621, 181 So.2d 47 (La.S.Ct.1965), the Court held:
There is no article in the Code of Civil Procedure which specifically gives an appellate court the right to remand a case for the reception of new evidence. This power, however, has been continuously exercised when a litigant has procured evidence which is important to his case and which he could not, with due diligence, have obtained before. Union National Bank v. Evans, *174 43 La.Ann. 372, 9 So. 44 (1891); Robison v. Howell, 22 La.Ann. 524 (1870); Vilce v. Travelers Ins. Co., 18 So.2d 243 (La.App.1944); Hatfield v. Goesch, 6 La.App. 718 (1927); Succession of Oliver, 1 La.App. 526 (1925); 19 Tul.L.Rev. 305 (1944). The exercise of such power is necessary in order that evidence discovered subsequent to the period allowed for application for a new trial in the district court may be considered in the case, since the introduction of new evidence in the appellate courts is prohibited.
In McKinney v. Levy, 212 So.2d 279 (La.App.1968), the Court held:
As a general rule, the Courts of Appeal have the right to remand cases for new trial, additional evidence, etc. to prevent a miscarriage of justice. LSA-C.C.P. Articles 2082 and 2164; Washington v. Hendrix Manufacturing Company, La.App., 106 So.2d 528; Williams v. United States Casualty Company, La.App., 145 So.2d 592; Cognevich v. Blazio, 159 La. 1019, 106 So. 550. The power to remand rests within the reviewing court’s discretion, but such procedure should be sparingly exercised. Texas Pipeline Company v. Johnson, 223 La. 380, 65 So.2d 884, 38 A.L.R.2d 785; Vines v. Allen, La.App. 77 So.2d 100; Whitten v. Travelers Insurance Company, La.App., 141 So.2d 40.
In this case it is our conclusion that defendant has had his day in court, that the facts now sought to be introduced in remand could have been established on the original trial before the delay for a new trial had expired and that justice will not be served by further prolonging the matter.
Not only was the evidence which defendant seeks to introduce available at the time this suit was instituted but it remained available during the protracted period during which this matter was before the court. Moreover, on January 30, 1962, the first day of the new trial, defendant’s counsel questioned both plaintiffs about the possibility of an automobile accident. Assuming arguendo the answers to counsel’s questions were misleading, certainly he was on notice of the fact of an automobile accident and knew the name of the doctor whom she saw for medical attention. Thereafter, the case was left open for a month for the taking of medical evidence, and the defendants would have had ample time to obtain said evidence. Stated another way, defendant’s counsel failed to examine into the truthfulness of plaintiffs’ answers concerning the accident and he would like for us to give him a new trial to put in evidence which was available to him as long as a month before the final day of trial.
Defendant-appellee also pleads that judgment appealed from was “ * * * procured through fraud, deceit and misrepresentation on the part of the said Doris Dae Smart * *
We feel that under our power to remand, in the proper circumstances, we could remand in order that evidence of fraud or ill practices could be introduced into the record. We base this conclusion on the fact that such action on our part would negate the necessity for instituting another suit to annul the judgment and would prevent the unnecessary multiplication of suits. However, in the case before us the allegation of defendant-appellee is merely a conclusion and alleges no facts which show actions which could amount to fraud or ill practices on the part of the plaintiffs. Absent such specific allegations of fact, we are unable to entertain the thought that it was through deceitful acts of plaintiff that evidence concerning an automobile accident was not introduced at the original trial of this matter. Thus, we can find no miscarriage of justice in preventing further delay in the conclusion of this cause.
For these reasons, the motion to remand is denied.
Motion denied.