410 So.2d 359 (1982)
UNITED STATES FIDELITY & GUARANTY COMPANY
v.
VICTORY LAND COMPANY, INC., Tupper Supply Co., John P. Hall, Jr. and John P. Hall, Sr., Junior Hall, III, and General Accident Insurance Company and New Orleans Public Service, Inc.
SECURITY INSURANCE COMPANY, et al
v.
NEW ORLEANS PUBLIC SERVICE, INC., et al.
FEDERAL INSURANCE COMPANY, et al
v.
NEW ORLEANS PUBLIC SERVICE, INC., et al.
FIREMAN'S FUND INSURANCE COMPANY
v.
NEW ORLEANS PUBLIC SERVICE, INC., et al.
Nos. 12487-12490.
Court of Appeal of Louisiana, Fourth Circuit.
February 9, 1982.
Writ Denied April 15, 1982.
*360 C. B. Ogden, II, New Orleans, for New Orleans Public Service for defendant-appellant.
Weidemann & Fransen, A. Remy Fransen, Jr. and Allain F. Hardin, New Orleans, for Sec. Ins. Co., Tupper Supply Co., Inc. and Howard Billings appellees.
Adams & Reese, Thomas J. Wyllie and S. Reed Morgan, New Orleans, for Federal Ins. Co. appellee.
Bienvenu, Foster, Ryan & O'Bannon, Leonard A. Young and David E. Walle, New Orleans, for United States Fidelity & Guaranty Co. plaintiff-appellant-appellee.
Drury & Grossel-Rossi, James H. Drury, New Orleans, for George W. Flach and Paul B. Jacob, Jr. amicus curiae.
Before LOBRANO, BARRY and KLEES, JJ.
LOBRANO, Judge.
On July 22, 1976 a fire occurred at 311 North Scott Street in the City of New Orleans. As a result of that fire, the tenants of the building, Major's Book Store and Tupper Supply Company, and the owner, Victory Land Company, sustained property damage losses. In addition, the adjacent building at 3941 Bienville Street sustained property damage. The insurers of all parties paid the losses claimed and became subrogated to the rights of their respective insured. After a lengthy jury trial, judgment was rendered against New Orleans Public Service, Inc. (hereinafter referred to as NOPSI) for the full amount of the losses sustained.[1] NOPSI perfected this suspensive appeal.
The evidence shows that on the day prior to the fire a violent thunderstorm caused a power outage at the 311 North Scott Street premises, as well as the surrounding premises. The testimony further indicates that NOPSI had its service crews in the area shortly thereafter, and power was ultimately restored that day. Once the power was restored, Tupper Supply had problems with *361 three circuit breakers which would not stay engaged, but kept tripping. The next morning, Hall Electric Company was called to investigate. As Mr. Hall was preparing to investigate, the fire broke out in the bay area of the Tupper Store.
As the fire was being fought, Mr. Gene Bays of NOPSI arrived on the scene and removed the main fuses in the fuse box so that no part of the burning premises had any electricity flowing to it. Apparently this is normal NOPSI procedure in cases of a fire. This would still allow electricity to flow from NOPSI's transformer to the meter, but not beyond.
At the trial of this matter, there were two theories espoused as to the cause of the fire. Mr. George Hero, plaintiffs' expert, concluded that NOPSI's meter was faulty which caused the neutral line to become energized resulting in a "hot spot" in the metal conduit in the bay area of Tupper's premises. High current in the conduit system caused it to melt and fall upon flammable material which burst into flames. The other theory was that of Mr. Frank Johnson, an electrical engineer called upon by NOPSI to investigate the matter. He concluded that the fire was caused by a short circuit in the wiring on Tupper's premises. This, NOPSI contended, was the responsibility of parties other than NOPSI.
The matter was submitted to a jury who found that there was a defect in the premises of Tupper Supply which was the responsibility of NOPSI (obviously, the meter); that NOPSI was negligent, and that said negligence was the proximate cause of the fire and resulting damages.
On appeal, NOPSI raises the sole issue that plaintiffs' expert sold the jury a "bill of goods". That is, appellant claims that it is scientifically impossible for the fire to have started in the manner theorized by Mr. Hero. In support of this argument, NOPSI relies on the amicus curiae brief filed by George W. Flach and Paul B. Jacob, Jr. Attached to the amicus brief are affidavits of both these gentlemen setting forth their expertise, and other facts. For reasons set forth hereinafter, this court will not consider the amicus curiae brief.[2]
The law is well settled that issues not raised by the litigants cannot be raised by amicus curiae on appeal. Dinet v. Orleans Dredging Co., 149 So. 126 (Orleans App. 1933) Also, relief beyond that which is sought by the parties cannot be requested by amicus curiae. Parent-Community Alliance v. Orleans Parish, 385 So.2d 33 (La. App. 4th Cir. 1980), writ refused June 23, 1980. We now hold that the brief of an amicus curiae cannot be used as a vehicle to present additional or new evidence to the appellate court. In the instant case, the thrust of amicus curiae's argument is that the Court consider the affidavits attached thereto. This Court will not consider the amicus curiae affidavits nor their brief. To do otherwise would be tantamount to allowing appellant to introduce new evidence at the appellate level and which was not subject to cross examination. We are duty bound to decide the issues based on the record before us. See Green Thumb, Inc. v. DU of Louisiana, 313 So.2d 284 (La.App. 3rd Cir. 1975), writ refused September 12, 1975; Gallagher v. Gallagher, 248 La. 621, 181 So.2d 47 (1965). If that were not the case, litigation would never end. Every aggrieved party would continually add evidence at each stage of the appellate level in the anticipation of receiving a favorable decision.
Having decided that the amicus curiae brief will not be considered, we now consider the merits of this case. Appellant strenuously urges this court to reverse on the grounds that the fire could not have started as theorized by Mr. Hero, and that Mr. Hero sold the jury "a bill of goods". In Crump v. Hartford Accident and Indemnity Co., 367 So.2d 300 (La.1979), the Court stated the following well recited principle of appellate review;

*362 "On appellate review, the trial court's factual findings of work-connected disability are entitled to great weight. They should not be disturbed where there is evidence before the trier of fact which, upon the latter's reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court's findings, unless clearly wrong. The reviewing court should not disturb reasonable evaluations of credibility and reasonable inferences of fact by the trial court, even though the reviewing court is of the opinion that other evaluations and inferences are reasonable." Crump v. Hartford Accident and Indemnity Co., id. at p. 301.
See also, Canter v. Koehring Co., 283 So.2d 716 (La.1973) and Davis v. Owen, 368 So.2d 1052 (La.1979).
It is often stated that the reason for the "manifest error" or "clearly wrong" principles of appellate review is the better capacity of the fact trier (whether trial judge or jury) to evaluate the demeanor and credibility of the witnesses.
In the instant case, the jury had the opportunity to observe all witnesses, including the experts of both sides. They heard the testimony and were presented with the theories of both sides as to the cause of the fire. Their answers to the interrogatories propounded clearly indicate that they chose to believe the theory of Mr. Hero, appellees' expert. There is sufficient evidence in the record to support this conclusion by the jury, and we see no reason to disturb same. The results of Mr. Hero's investigation show that the meter had apparently exploded several days after the fire. This, coupled with the fact that the fuses had been removed at the time of the fire which prevented electricity from flowing beyond the meter, along with other factors, led him to conclude as he did. We find no manifest error in the jury believing one expert over another when there is ample evidence to support his opinion.
The Court further notes that the jury also found NOPSI negligent, and that their negligence was the proximate cause of the fire.[3] Appellees argue that they (NOPSI) failed in their responsibility to check the meters after the thunderstorm which caused the power outage. Again there is sufficient evidence to support this conclusion, and we see no reason to rule otherwise.
Accordingly, the judgment of the trial court is affirmed.
NOTES
[1] All parties had agreed prior to trial the amount of their respective damages, and those issues were not raised at trial, nor are they part of this appeal.
[2] Although this Court originally granted an ex parte motion allowing amicus curiae to file briefs in this matter, a show cause order was issued to amicus curiae to present reasons before oral argument on the merits, why the Court should consider the amicus curiae brief. All parties participated in the show cause motion prior to arguing the case on the merits.
[3] Interrogatory number 5 provided, "Do you find that the fire which damaged Tupper Supply Company and others was the result of negligence on the part of New Orleans Public Service, Inc.?"

The Jury answered "yes".
Interrogatory number 6 provided, "If your answer to No. 5 is `Yes' was the negligence of New Orleans Public Service, Inc. the proximate cause of the damage?"
The Jury answered "yes".