LOBRANO, Judge.
The sole issue to be decided by this appeal is whether or not Anheuser-Busch, Inc. (Anheuser) is the statutory employer of Eddie Walker (Walker). From a lower *10 court decision in favor of Anheuser, Walker perfects this appeal.
On July 13, 1982 Walker was a direct employee of Stebe Trucking, operating a tractor-trailer leased to Over the Road Trucking. Over the Road had a contract to pick up a load of beer from Anheuser’s Houston brewery for delivery to Southwest Distributors in McComb, Mississippi.
The accident which gave rise to this litigation occurred after the beer had been loaded on the truck. Walker was closing the rear door of the trailer when one of the doors popped open, striking him in the face. After receiving medical treatment in Houston, Walker and his co-driver left later that day and proceeded with the delivery to Southwest Distributors. Walker did not participate in the actual loading of the truck, as that was accomplished by Anheu-ser’s own employees.
Walker argues he was a statutory employee of Anheuser, thus entitling him to compensation benefits. The relevant statute is La.R.S. 23:1061 which provides in part:
“Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; ...”
This section requires not only that the work be part of the principal’s trade, business or occupation, but also that the principal has entered into a contract for some other person to perform part of that work. Under Louisiana law, a plea of “statutory employer”, whether it be the basis of a suit or of a defense, is an affirmative plea, and the burden of proof is on the party asserting it. Johnston v. Cummins, 388 So.2d 432 (La.App. 2nd Cir.1980); Freeman v. Chevron Oil Co., 517 F.2d 201 (5th Cir.1975).
The evidence establishes that Southwest Distributors is an independent distributor of beer. It has no legal relationship with Anheuser other than being a wholesaler of its beer. Terry Givens, a representative of Anheuser testified that Anheuser does not arrange for the transport of its product to independent distributors. They only provide the transportation when beer is delivered to a distributor that is owned by An-heuser. Although Walker objected to Givens’ testimony as being hearsay, the record is clear that he had personal knowledge of the procedures employed by Anheuser. The basis for excluding hearsay is the lack of opportunity to test by cross-examination, under oath, the validity and accuracy of the statement offered. Jones v. Ledet, 383 So.2d 1308 (La.App. 3rd Cir.1980). Walker’s attorney had ample opportunity to cross examine Givens’ testimony, and clearly that testimony was based on his personal knowledge of the Anheuser operations.
Since the contract in the instant case was to haul the Anheuser product to an independent distributor, we agree with the trial court’s conclusion that Walker was not doing the work normally done by An-heuser in its trade or business. Thus they are not a statutory employer.
Walker also requests that this court consider allegations made by Southwest Distributors, Inc. in a declinatory exception made by them after judgment was rendered in this matter. We will not consider same.
This Court in U.S. Fidelity & Guaranty Co. v. Victory Land Co., 410 So.2d 359 (La.App. 4th Cir.1982), writ den. 412 So.2d 1113 (La.1982) stated that to consider evidence which was not previously introduced at the trial level would be tantamount to allowing the introduction of evidence at the appellate level, which is clearly improper. *11 We are duty bound to decide the issues on the record before us.
AFFIRMED.