SCHOTT, Judge.
We granted certiorari in order to consider the validity of a judgment of the trial court granting a motion for new trial in favor of respondent, Trunkline Gas Company, and setting aside two previous judgment in favor of relators, Cooper Brothers Welding Service, Inc. and First Insurance Company.
The suit began with a claim by the plaintiff against Trunkline for injuries he sustained while working on Trunkline’s fixed platform on the Outer Continental Shelf off the Louisiana coast. Trunkline filed a third party demand against Cooper alleging that pursuant to a contract between Trunk-line and Cooper the latter was required to indemnify Trunkline and to have Trunkline insured under First’s policy. Trunkline also filed a third party demand against First claiming to be an insured under the policy First issued to Cooper. Cooper and First filed motions for summary judgment against Trunkline contending that the contract’s indemnity provisions were null and void by virtue of the anti-indemnity provisions of LSA-R.S. 9:2780.
On June 26, 1987 the trial court granted Cooper’s motion but held that the anti-indemnity statute did not apply to an insurer and denied First’s motion. First applied to this court for supervisory writs claiming that the anti-indemnity statute applied to it as well as its insured, Cooper. On November 24 this court took the following action on First’s application:

Writ Granted

The trial court erred in denying relator’s Motion for Summary Judgment. LSA-R.S. 9:2780(A)(G).
Respondent’s argument based upon Clarko Contractors, Inc. v. Texas Eastern Gas Pipeline, Co., 615 F.Supp. 775 (M.D.La.1985) is a new argument that was not addressed at the trial court level and, therefore, should not be addressed by this court. United States Fidelity & Guaranty Co. v. Victory Land, Inc., 410 So.2d 359 (La.App. 4th Cir.1982).
In a December 8,1987 judgment the trial court acknowledged the foregoing decision of this court and dismissed Trunkline’s third party demand against First. However, on January 11, 1988 the trial court granted Trunkline’s timely motion for new trial with respect to the December judgment with the following decree:
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Motion for a New Trial filed by Trunkline Gas Company be, and it is hereby, grant ed, and that the Judgments heretofore granted in this matter in favor of Cooper Bros. Welding Service, Inc., and First Horizon Insurance Company be, and are hereby annulled, vacated and recalled.
Cooper contends that the trial court erroneously recalled its judgment of June 26, 1987 because that judgment was final. This contention is correct. The dismissal of Trunkline’s demand against Cooper became a “thing adjudged” or res judicata when the time for taking an appeal from the judgment elapsed. LSA-C.C. art. 3556(31). Consequently the judgment of the trial court with respect to Cooper’s June judgment will be reversed and set aside.
With respect to First’s application, Trunkline contends that the anti-indemnity statute is inapplicable to the contract between Trunkline and Cooper because Trunkline’s platform was not a drilling platform but was a valving platform servicing pipelines transporting gas to the mainland. This contention based originally on Clarko Contractors v. Texas Eastern Gas Pipeline, 615 F.Supp. 775 (M.D.La.1985) was found to be correct by this court in Griffin v. Tenneco Oil Company, 519 So.2d 1194 (La.App. 4th Cir., 1988), writs refused 521 So.2d 1154 (La.1988). Thus, it appears that Trunkline’s third party demand was erroneously dismissed in December and that the trial court properly grant *114 ed Trunkline’s motion for new trial and recalled the December judgment.
First’s principal contention is that the “law of the case” doctrine precludes Trunkline from prevailing on the principle recognized in the Griffin case because of the writ action taken by this court on November 24. First argues that when this court refused to consider Trunkline’s Clar-ko argument because it had not been theretofore made in the trial court but was made for the first time in this court in opposition to the earlier application for writs this court precluded further consideration of the argument in the trial court.
A review of the precise action taken by this court in November and quoted above does not support First’s position. The court merely declared that the trial court had erred in denying First’s motion for summary judgment on the basis of what was before it at the time, i.e., without benefit of Trunkline’s Clarko argument. This court also stated that it would not consider this argument because it had not been addressed to the trial court. But this court did not grant First’s motion or order the trial court to do so. It did not prohibit the trial court from considering the new argument. Thus, the trial court erred in its December judgment when it declined to consider the argument, it properly granted Trunkline’s motion for new trial as to First, and properly set aside the December judgment as to First.
Accordingly, the January 11, 1988 judgment of the trial court granting a new trial with respect to the June judgment in favor of Cooper Brothers Welding Services, Inc. and recalling this judgment is reversed and set aside; the judgment with respect to First Horizon Insurance Company is affirmed.
REVERSED IN PART; AFFIRMED IN PART.