GOTHARD, Judge.
This case involves the modification of custody of an eleven year old boy from the sole custody of his father to the joint custody of both parents. The father has appealed.
The appellant, Edmund J. Len, and the appellee, Mildred Len Pounds, separated in 1981. In the separation judgment Ms. Pounds was awarded sole custody of their child, Alexander, and her child, William, from a prior marriage. In 1982 Alexander’s custody was transferred to his father, who was the successful party in a divorce based on adultery. Shortly after the divorce, the mother married her paramour and enjoyed visits with and from Alexander. In 1985 Ms. Pounds petitioned unsuccessfully for a return of Alexander’s custody to herself after an incident of violence which occurred between the child and his father. On March 18, 1986 Mr. Len filed a petition to alter Ms. Pounds’ visitation rights with Alexander because he planned to remove the boy to New Jersey and there seek employment. In response, Ms. Pounds moved for a change of custody or, in the alternative, joint custody. After a hearing, the trial court on July 22, 1986 set aside the prior sole custody decree, entered a joint custody decree, awarding Ms. Pounds physical custody during the child’s school year, and Mr. Len physical custody during the summer months. This judgment is the subject of Mr. Len’s appeal.
The appellant raises the issue as to whether the mother met the proof necessary for a change in the prior sole custody decree to joint custody.
Once a decree of custody has been in effect for an appreciable length of time, the party seeking a change is required to show not only a change in circumstances since the decree, but that continuation of the present custody arrangement under such circumstances would be so deleterious to the child as to justify a custody change. Bergeron v. Bergeron, 492 So.2d 1193 (La. 1986); Languirand v. Languirand, 350 So.2d 973 (La.App. 2 Cir.1977), writ denied 352 So.2d 236.
The parties were married in 1971 and resided in Jefferson Parish from 1974 to 1981 before their divorce in 1982. After remarrying, Ms. Pounds and her husband, Michael, established residence in St. Tammany Parish. Mr. Pounds presently works at his brother’s shipping company, and Ms. Pounds is an insurance claims clerk. They have a three bedroom house with a room for Alexander, and there is a nearby school for Alexander to attend. Mr. Len presently resides in Jefferson Parish and is employed by Ochsner Foundation Hospital as a stationary engineer.
This dispute over the custody of Alexander arose because his father planned to move to New Jersey and take the boy with him, but Alexander wanted to stay with his mother in Louisiana. Alexander’s mother was concerned because the child’s father had once before, in 1984, secretly removed the child to New Jersey and left him with his paternal grandmother and aunt for several months while he took employment overseas. The boy’s mother felt the child had greatly suffered from this separation from his home and from the discontinuance of his frequent visitation with her. The father testified that he wanted to take the child to New Jersey to live because there were better employment opportunities there. In her petition to substitute herself as sole custodian or joint custodian, Ms. Pounds alleged both Mr. Len’s plan to move the boy to New Jersey plus the boy’s wishes to stay with her in Louisiana as two changes in circumstances since the prior custody decree warranting its modification.
One factor of particular importance and weight in a court's determination whether to change a prior child custody decree, is the length of time the child has been living with the custodial parent in a stable and secure environment. Languirand v. Languirand, supra. It follows that the planned relocation of the child at a great distance from hfe familiar environ *645 ment and from the security provided by his relationship with the non-custodial parent and others would be an important factor in the change of custody determination. See, Sambola v. Sambola, 493 So.2d 206 (La. App. 5 Cir.1986).
The preference of a child is also a factor to be considered, along with other circumstances, but is, in and of itself with no explanatory evidence, not to be considered justification for a change in custody. Bergeron v. Bergeron, supra.[1]
The record in the instant case since the separation and divorce of Alexander’s parents shows that his home life has been far from stable, and he has not lived continuously with either parent. The physical custody of the child was first placed with his mother, then with his father who left him alone for many months in New Jersey without either parent, then back with his mother, and again with his father. At present he is with his mother. One effect of these frequent moves is Alexander’s unsatisfactory academic performance. At the time of trial, his promotion to the seventh grade was conditioned on his repeating the subjects of science and math in summer school.
In the boy’s interview with the trial judge he expressed his wish to remain in Louisiana with his mother with whom he has a close and positive relationship. The interview further revealed that though the boy clearly loves his father, their relationship is severely troubled.
Two child experts testified at the custody hearing, Dr. Robert Davis, a child psychiatrist, and William Janzen, Ph.D., a child psychologist. The court also had for its consideration the deposition testimony of child psychiatrist, Dr. C.A. Cowardin. Dr. Janzen and Dr. Cowardin, the mother’s experts, each strongly supported the child’s preference to live with his mother as in his best interest. Dr. Janzen testified that while neither parent was psychologically disturbed and fell within normal limits of functioning as a parent, that the child’s needs were simply not being met by the father. Dr. Cowardin underscored in her deposition testimony that Mr. Len, although then the custodial parent, had not formed a successful relationship with the boy. She testified that a boy of Alexander’s age normally draws closer to his father and away from his mother. She explained that his failure to do so indicates there are problems between the boy and his father. For that reason she felt that Mr. Len could not successfully parent the boy through adolescence. Dr. Cowardin predicted that if the boy remained with his father, there would be high risk of the boy rebelling and getting into trouble. In addition, both experts were of the opinion that to remove the boy from Louisiana and place him in New Jersey away from his mother would be detrimental, especially when considering the closeness and positive relationship the two shared. Dr. Davis, the father’s expert, while testifying that Mr. Len was interested in the boy’s welfare and should retain custody, did not opine whether the boy’s interests would better be served in the custody of his mother in Louisiana or paternal grandmother in New Jersey in the event the father took employment overseas, requiring him to leave the boy with one or the other.
We recognize that the best interest of the child remains the paramount principle of child custody law whether in awarding or modifying custody. LSA-C.C. arts. 146(E), 157; Bergeron v. Bergeron, supra. In considering the child’s best interest here the overriding consideration, in our judgment, is that while both parties seemed to have concern and love for their son, the child was simply no longer happy, progressing well, or developing normally in the custody of his father, and that a change of custody would benefit the child. The trial judge obviously found this to be the case also, since he modified the prior custody decree to award Alexander’s custody to both parents jointly.
*646 The trial court has wide discretion in matters dealing with the best interests of children, and his decision is entitled to great weight. Sambola v. Sambola, supra. Under the circumstances presented here, we feel that the trial court’s judgment is appropriate, and we hold that the mother has shown sufficient change in circumstances to warrant the change in the child’s custody.
The judgment appealed from is, accordingly, affirmed at appellant’s cost.
AFFIRMED.
PER CURIAM.
The original opinion contains an error; we correct it to delete any direct reference to deposition testimony of Dr. C.A. Cowar-din. It was Dr. Cowardin’s reports, not her deposition testimony, which was referred to and discussed in the trial testimony of Dr. William Janzen, who stated that his evaluation agreed with Dr. Cowardin’s evaluation. The application for rehearing is granted to make this correction; otherwise it is denied.

. Other factors relevant to the court’s consideration in a change of child custody determination are those enumerated in LSA-C.C. art. 146(C)(2). Bergeron v. Bergeron, supra, at 1200-1201.