KLIEBERT, Judge.
Mary Catherine Revon Lozes (Cathy), plaintiff-appellant, appeals the judgment of the trial court changing joint custody of her seven year old son, Luke, and physical custody from her to her former husband, Edward Lozes (Ed), defendant-appellee.
On February 5, 1988 Ed obtained an ex parte order awarding him temporary custody of Luke based on allegations of “severe psychological depression with the possibility of both psychological and physical neglect ... ”, a dramatic decrease in Luke’s performance at school and the fact that Cathy gave birth to two children out of wedlock who, along with two other children of her concubine, all lived in the same two bedroom home.
On the mother’s motion to rescind the ex parte order, the trial judge returned physical custody to the mother pending a hearing set for June 28, 1988 of Ed’s rule for permanent custody. The trial judge also appointed Family Services of Greater New Orleans to evaluate Ed, Cathy, and Luke, pending the hearing. Following the hearing the court found the best interest of the child required a change of physical custody to Ed. Cathy perfected this devolutive appeal contending: (1) Ed did not meet his burden of proof; (2) the trial court abused its discretion in awarding Ed sole custody, and (3) the court was influenced by conducting an ex parte discussion of the case with Cathy’s father. For the reasons hereinafter stated, we amend the trial court judgment to provide for joint custody and as amended, affirm.
We first consider Cathy’s third assigned error. In that connection we note that the emotions of the litigants has generated strong response between counsel which serves to cloud rather than clarify the issues. Statements included in counsel’s brief that are not found in the record, or affidavits attached to a brief which were not introduced in the trial court, do not form part of the record on appeal and cannot be considered. La.C.C.P. Article 2164; Gallagher v. Gallagher, 248 La. 621, 181 So.2d 47 (1965); Watkins v. Johns-Manville Corp., 458 So.2d 212 (La.App. 5th Cir.1984). Therefore, the affidavits attached to counsel for Cathy’s brief have not been considered nor do we consider the so-called “fact” statements[1] that are not *605 part of the record but are stated as facts in counsel for Ed’s brief.
Following the trial judge’s statements as to his reasons for judgment, counsel for Cathy, Evangeline Abriel, moved to have placed of record an alleged discussion between the judge and Cathy’s father relative to the custody issue. The trial judge acknowledged Cathy’s father had called him and said he was concerned about Luke and Cathy but that he (the trial judge) told him he could not talk to him about the case. Ms. Abriel disputes the judge’s account. Our review of the record does not reveal any impropriety in the trial judge’s actions.[2]
We next consider the contentions of Cathy’s counsel that the court’s rulings on evidentiary objections showed a bias to her case as did his requirement that proffers be made in narrative form in writing and sealed versus making a record of the excluded testimony. With respect to the eight proffers, we note that the majority simply repeats other evidence already introduced or concerned alleged acts which occurred prior to the divorce. Hence, we cannot say the trial judge erred in refusing to admit the testimony. Moreover, under the provisions of La.C.C.P. Article 1634, the trial judge has the option of allowing a party to make a proffer by making a complete record of the excluded testimony or by setting forth in a statement in narrative form what the excluded testimony would prove. Although there may be some inconsistency in having disallowed evidence sought to be introduced by Cathy because it involved an event which occurred prior to the divorce and admitting evidence sought to be introduced by Ed even though it occurred before the divorce, after a careful review of all the evidence we cannot say the trial judge was biased or that he abused his broad discretion in conducting a trial in a manner in which he decided would be conducive to justice. See La.C.C.P. Article 1631 and Anderson v. Visa, Ltd., 478 So.2d 1346 (La.App. 5th Cir.1985) for trial judge’s authority. Therefore, in reviewing the case, we are required to give the trial court’s decision great weight and can overturn it only where there is a blear abuse of discretion. Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971); Cleeton v. Cleeton, 383 So.2d 1231 (La.1979).[3]
The parent seeking the change in custody bears the burden of proving that existing custody is so deleterious to the child as to justify a modification of the custody decree or of proving by clear and convincing evidence that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child. Bergeron v. Bergeron, 492 So.2d 1193 (La.1986).
In giving his oral reasons for judgment, the trial judge said he believed it was in the best interest of Luke for him to make Ed the custodial parent. The best interest of the child is the sole criterion to be met in awarding or modifying custody under Civil Code Articles 146 and 157. Bergeron v. Bergeron, supra. Therefore the trial judge applied the correct criterion in deciding custody. We now consider the evidence submitted.
It is uncontroverted that Cathy and Joe Cabibi have lived together since approximately the time of Cathy’s divorce. Not only do Cabibi’s two children from a prior marriage live with Cathy and Joe, but so do two children bom out of wedlock to Cathy and Joe. Cathy and Joe testified that they planned to be married after both their prior marriages are annulled. However, it was also shown that annulment proceedings were not begun until after Ed’s filing of the rule to change custody.
The courts of this state have consistently recognized that living together, without benefit of marriage, in a home where young children are present is immoral and necessarily has a detrimental effect on a child’s moral upbringing. In almost every *606 case where a parent lived with someone to whom they were not married, and the situation continued through trial of a custody proceeding, the child was removed from the custody of that parent. Bagents v. Bagents, 419 So.2d 460 (La.1982).
The trial court’s decision is supported not only by the fact of Cathy and Joe’s living together and the two out-of-wedlock births, but also other circumstances surrounding Luke’s welfare. Although no oral or written findings of fact were made, it is obvious the court considered evidence of neglect,[4] the cramped living quarters, an unstable household, and an overburdened mother.
Ed lived with his father, stepmother, and grandmother. Luke was to stay with his father in their own bedroom and would have three people caring for his needs. Moreover, Ed planned to marry and buy a house. Hence, there was hope of even bettering the environment by establishing a stable wife, husband and child household.
We hold therefore that the record fully supports the trial court’s decision that it was in the best interest of the child to change physical custody of Luke to Ed. However, we note a discrepancy between the written judgment and the oral reasons for judgment reflected in the transcript. The written judgment provides that the “full care, custody and control” of Luke is awarded to Ed. In his oral statements from the bench, the trial judge stated he “would change custody of [Luke] to the father and that change is the primary residence will be with his father and his father will be the custodial parent.” The trial judge went on to say “I’ll give some sort of joint custody in that respect where the mother will have some say in things that go on ...”
It is apparent his intention was to maintain joint custody by making the father, rather than the mother, the custodial parent. Further, the record is void of any evidence rebutting the presumption of joint custody.
For the foregoing reasons, the judgment of the trial court is amended to reflect that Mary Catherine Revon Lozes and Edward Glenn Lozes are awarded joint custody of their minor son, Luke Lozes, with Edward Glenn Lozes being the custodial parent. In all other respects, the judgment of the trial court is affirmed.
AMENDED AND, AS AMENDED, AFFIRMED.

. (a) The child lived in a mice and rat infested house necessitating his begging for traps or poison to get rid of them.
(b) The need to call police officers to stop verbal altercations between the parents each time they met.

. Attaching affidavits to appellate brief attesting to the misconduct is not the proper form or method in which to raise the issue.

. The Cleeton court said the “clear abuse of discretion” standard, as opposed to the "manifest error” standard is the better test and the one to be used in reviewing custody matters.

. Evidence of neglect included: (1) an easily visible popcorn kernel stuck in Luke’s ear for months, and (2) inaction for tubes in Luke’s ears.