ARMSTRONG, Judge.
Plaintiff-in-rule, Sandra Bishop Nelson Rice, “Mrs. Rice,” appeals the trial court’s judgment dismissing her rule for change of custody of the child Vickie Nelson. We affirm all aspects of the trial court’s judgment.
The parties in this matter, Mrs. Rice and Victor Nelson, “Mr. Nelson”, were judicially divorced on September 8, 1982 and the judgment granted “permanent custody” of their three children, Angelique, Vickie and Christian to Mrs. Rice. On November 4, 1983 a Joint Consent Judgment was filed in which Mrs. Rice agreed to a joint legal plan of custody with Mr. Nelson having “actual physical custody.” Mr. Nelson filed a rule on June 3, 1986 requesting child support of Mrs. Rice and that specific periods of visitation be set. In response to Mr. Nelson’s rule Mrs. Rice petitioned the court for full custody alleging that she “... has since remarried and is presently able and willing to supply a home and environment for her children ... ”. Both matters were heard on July 25, 1986. On July 31, 1986 the court dismissed Mr. Nelson’s request for child support, granted Mrs. Rice support in the amount of $100.00 per month per child “during the periods when she has actual physical custody of the children ... ”. On *1321 September 2, 1986, a judgment executed and submitted by counsel for both parties reflecting the hearing that was held in July, maintained the physical custody with Mr. Nelson under the same terms and conditions as previously set.
By instrument dated August 11, 1987, Mr. Nelson agreed to allow Angelique to go and live with her maternal grandparents in Mississippi, but without relinquishing any parental authority. Angelique is again living with her father because her grandparents were not able to handle her. At the end of the summer of 1986, Mr. Nelson agreed to let Vickie stay with Mrs. Rice on a temporary, trial basis and to attend school at Boothville Venice, the school nearest to Mrs. Rice’s residence. On October 5, 1987 Mrs. Rice filed her rule attempting to change custody, seeking child support, contempt sanctions, and injunctive relief against Mr. Nelson “from removing either Angelique or Vickie from her home.” The trial court refused to change custody but granted child support to Mrs. Rice for the period that Vickie lived with her consistent with its former order in a judgment dated June 2, 1988.
In its reasons for judgment the trial court stated:
At the outset there seems to be some dispute in memoranda among counsel for the parties as to precisely what is being requested in the change in custody request. Counsel for petitioner in rule characterizes his client’s request as simply a modification of the pre-existing joint custody order. The defendant in rule characterizes the request as a “change in custody” which seems to imply something different from what the plaintiff asserts. The distinction, if there is one, is of no moment because the legal test to be applied is identical. See Ber-geron v. Bergeron, 492 So.2d 1193 (La. 1986) at page 1203:
“[T]he change of circumstances, the heavy burden rule, and the appellate review standard apply to any petition to modify custody, regardless of whether it is joint or sole custody.” [Emphasis added.]
That test as outlined in Bergeron, supra at 1200 is as follows:
When a trial court has made a considered decree of permanent custody the party seeking a change bears a heavy burden of proving that the continuance of the present custody is so deleterious to the child as to justify a modification of the custody decree, or of proving by clear and convincing evidence that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child. [Citations omitted.]
The trial court applied the Bergeron test to the facts of this case and concluded:
Plaintiff has entirely failed to demonstrate that she falls within parameters of this test. Basically she has proved that since her marriage she is more financially stable than she was. She now has a different (newer) home consisting of a lot and a used mobile home. The child could have her own room in the trailer. In addition the child is supervised until she catches her school bus (sometimes from Mrs. Rice’s place of employment). On days when Mrs. Rice is working the child gets off the school bus at the marina where Mrs. Rice is employed. Mr. Nelson did permit the child to remain with Mrs. Rice after the summer visitation was completed in the summer of 1987. The child, in an in-camera off the record interview with the court, did express a preference of remaining with her mother, however, this is not dispositive. See Ber-geron, supra.
These improvements in Mrs. Rice’s lifestyle and living conditions are admirable and certainly commendable. They do not, however, standing alone, meet the above-quoted test established in Berger-on. Therefore the request to modify the previous custody order must be overruled.
On appeal Mrs. Rice attempts to distinguish Bergeron by asserting that considerations such as stability and continuity and the child’s best interest suggest that Vickie should remain with her. She relies on Len v. Len, 515 So.2d 643 (La.App. 5th Cir.1987) *1322 writ denied 519 So.2d 116 (La.1988) and Everett v. Everett, 433 So.2d 705 (La.1983). Mrs. Rice’s reliance on these cases is misplaced. She is characterizing herself as the custodian parent which she is not. As per the July 31, 1986 custody order Victor Nelson was granted primary physical custody of Vickie.
Having found no clear error in its reasoning, the judgment of the trial court is affirmed. Arceneaux v. Dominque, 365 So.2d 1330 (La.1978); Canter v. Koehring Co., 283 So.2d 716 (La.1973).
AFFIRMED.