BOWES, Judge.
Appellant John Samuel Cooper appeals a judgment of the district court ordering that physical custody of his minor child remain with his former wife, appellee Kathryn Hofeldt Favaloro. We affirm.
Appellant and appellee were divorced in Georgia in 1981. By judgment of the Superior Court of Hall County, Georgia, the parties were granted “shared” custody of Donn Cooper, with his mother, Mrs. Cooper (now Mrs. Favaloro) designated as the residential parent until Donn’s tenth birthday (with visitation granted to Mr. Cooper). At that time, the order provided that Donn *944 would begin to reside with his father. Mrs. Cooper married Mr. Favaloro. Her second husband found employment in, and moved to, Jefferson Parish, Louisiana, in April 1983. Mrs. Favaloro petitioned the Georgia court for modification of the custody decree to accommodate her new living arrangements, in anticipation of the move to Jefferson Parish. On March 27, 1984, the Georgia court modified the portions of the custody arrangement which involved visitation. Mr. Cooper and Mrs. Favaloro continued to share custody, with the provisions which designated appellee as the residential parent until Donn’s tenth birthday, and appellant as residential parent after-wards, remaining in effect.
On March 2, 1989, several months prior to Donn’s tenth birthday, Mrs. Favaloro filed a rule in the 24th Judicial District Court for modification of custody, urging that the court modify the custody judgment to designate that she would continue as the residential parent beyond the birthday as originally decreed. Mr. Cooper filed exceptions of lack of subject matter jurisdiction, inconvenient forum, no cause of action, prematurity and vagueness. The trial court maintained the exception as to jurisdiction by a judgment signed on July 14, 1989, but, upon application to this court for supervisory writs, that judgment was annulled and set aside in July, 1989. The remaining exceptions were heard on August 15, 1987, and denied by the trial court.
On August 21, 1989, this court denied appellant’s writ application, finding no error in the ruling of the trial court. On that same day, the hearing on appellee’s rule was held and, following the hearing, the trial court rendered judgment signed on September 12, 1989 in favor of Mrs. Fava-loro, modifying the custody decree to hold that appellee would continue to be the primary residential parent, with the same visitation rights granted to Mr. Cooper as had previously existed. It is from that judgment that Mr. Cooper has appealed.
Appellant urges that the trial court abused its discretion in modifying the prior custody decree, because Mrs. Favaloro failed to show a change in circumstances materially affecting the welfare of the child, and failed to carry the heavy burden of proving that continuation of the prior decree was detrimental to the child, citing Bergeron v. Bergeron, 492 So.2d 1193 (La.1986). In that case, our Supreme Court defined the burden of proof in a custody modification case as follows:
However, in order to protect children from the detrimental effects of too liberal standards in custody change cases, the burden of proof should be heavy and the showing of overall or net benefit to the child must be clear. To accommodate these interests, the burden of proof rule should be restated as follows: When a trial court has made a considered decree of permanent custody the party seeking a change bears a heavy burden of proving that the continuation of the present custody is so deleterious to the child as to justify a modification of the custody decree, or of proving by clear and convincing evidence that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child.
Appellant asserts that it was the burden of Mrs. Favaloro to prove that continuation of the Georgia custody, which designated the change in the residential parent to Mr. Cooper, was so deleterious so as to justify modification. Appellant thus misstates the rule.
We agree with the trial court that the present case is an “interesting dilemma”:
“Usually the person requesting the change in the custody agreement is the one that does not have physical custody of the child but is trying to obtain that status and in this particular case the parent asking for the change in custody is the parent who has presently and has had for the past eight years the physical custody of the child.
If I recognize the judgment of the Georgia Court, I am actually changing the physical custody of the child at this time from one parent to another although I recognize this change is not technically a change in the custody decree.
*945 In real life, in the situation we are dealing with today, this does present a change in the boy’s custody — primary physical custody.
Again, I put great weight on the determination that this particular matter is set up in the converse and that’s the one parent that has physical custody. The judgment recognizes the other parent is to get it and in essence changing physical custody even though I recognize the court-ordered custody.”
A reading of Bergeron discloses that the Supreme Court there was concerned with the physical custody, care and control of the child as much as, if not more than, legal custody. The very terms in which the burden of proof is couched evidence that it is in the change of living arrangements of the child which chiefly concerns the courts: “... the harm likely to be caused by a change of environment_” In discussing the requirement that the mover for modification must show a change of circumstances materially affecting the welfare of the child, the court said: “The reasons for the rule are that it is desirable that there be an end to the litigation and undesirable to change the child’s established mode of living except for imperative reasons.”
Joint custody as envisioned in Louisiafia law (and we interpret the Georgia judgment to be one of joint custody) encompasses both physical custody and the elements of co-tutorship, as stated in LSA-C.C. art. 250[1]. LSA-C.C. art. 146(D) states:
D. For purposes of this Article, “joint custody” shall mean the parents shall, to the extent feasible, share the physical custody of children of the marriage. In making an award of physical custody, the court shall consider, among other things, the factors enumerated in Paragraph (C)(2). Joint custody shall also mean that the parents shall enjoy the natural cotutorship of such children in accordance with Article 250, subject to the plan of implementation effected pursuant to Paragraph A of this Article. Physical care and custody shall be shared by the parents in such a way as to assure a child of frequent and continuing contact with both parents. An award of joint custody obligates the parties to exchange information concerning the health, education, and welfare of the minor child; and, unless allocated, apportioned, or decreed, the parents or parties shall confer with one another in the exercise of decision-making rights, responsibilities, and authority.
Joint custody may, and often does, include an award of primary physical custody to one parent or another. See, e.g., Lozes v. Lozes, 542 So.2d 603 (La.App. 5 Cir.1989); Bailey v. Bailey, 527 So.2d 1030 (La.App. 2 Cir.1988); Len v. Len, 515 So.2d 643 (La.App. 5 Cir. 1987).
Physical custody and legal custody of a child are therefore related but distinct. Thus, a parent may have equal authority, privileges and responsibilities for a child under LSA-C.C. arts. 146 and 250 without having equal physical care and control.
According to Bergeron, its antecedents as well as its progeny, the best interest of the child is not only the paramount consideration but is, in effect, the sole criterion to be met in awarding or modifying custody. Bergeron, supra, at p. 1201; Lozes, supra.
The best interest principle recognizes the child’s substantive right to the custo *946 dianship that best promotes his welfare. The other precepts are auxiliary evidence and procedure rules drawn from judicial experience for the purpose of enforcing and protecting the child’s substantive right.
the change of circumstances and heavy burden of proof rules protect the best custodianship from improper or unnecessary relitigation after its establishment, and appellate deterrence preserves the trial court’s determination of the child’s best interest, except in the case of an abuse of discretion. Each of these auxiliary evidence and procedure rules is intimately connected with the substantive best interest of the child principle and has a strong effect on the súbstantive-procedural balance in child custody cases. Bergeron at p. 1196.
Joint custody is statutorily presumed to be in the best interest of the child by LSA-C.C. art. 146(C). This does not require a fifty-fifty physical sharing of the child. Aldrich v. Aldrich, 505 So.2d 116 (La.App. 4 Cir.1987). Our review of the jurisprudence discloses that custody of a child is generally at issue in terms of the environment and physical placement of the child—his custody in terms of care and control rather than the parental “tutorial” aspects of custody.
As the trial court found, the usual case involves the parent who does not have physical custody seeking to .modify a decree so as to grant him or her physical (and, often, legal) custody. It is usually alleged that the child would be better off with the parent seeking modification than with the parent presently having physical custody.
The present case is unique in that it involves a judgment in which Mrs. Favalo-ro, presently the physical custodian of Donn by virtue of the Georgia judgment, seeks to maintain that physical custody which, under the terms of the same judgment, would change Donn’s residence from hers to that of Mr. Cooper. Viewed in that way, then, Mr. Cooper seeks to maintain the Georgia judgment and Mrs. Favaloro is the party seeking modification. However, in our opinion, the logical and correct finding is that Mrs. Favaloro, in requesting the court to modify the terms of the Georgia judgment, is attempting to maintain the status quo of the child’s environment or “custodianship”, and that it is Mr. Cooper who is pursuing a change of physical custody, care and control, albeit through the terms of the Georgia decree.
Because a complete change in his living arrangements or primary physical custody will have a heavy impact on the child, in the present circumstances we find that the burden of proof must be placed on Mr. Cooper to show that a continuation of the status quo would be deleterious to Donn or that the harm likely to be caused is outweighed by the benefits, as required by Bergeron, supra. It is, after all is said and done, the best interest of the child which is the principal goal of the courts, and the right of the parent must often give way. In effect, Mr. Cooper seeks to change the present custody; Mrs. Favaloro seeks to change the Georgia decree only for the purpose of maintaining her custody. It is the custody, care and control of Donn which is at issue, not the mechanical enforcement of the decree of a foreign court granted several years ago.
Stability of environment, while assuredly not the only consideration in a custody case, is nevertheless a major factor. See Len, supra; Bailey, supra. In Onderdonk v. Onderdonk, 547 So.2d 1138 (La.App. 5 Cir.1989), we held that even though the trial court used the wrong standard of proof in awarding custody, we would not order a change in custody because, at the time of the opinion, the erroneous custody had been in place for almost one year and a further change would not be in the best interest of the child.
That case, as does this one, rests not on the technical application of a rule but on the facts and circumstances of each situation. Here, we are sure that Mrs. Favalo-ro, and perhaps Mr. Cooper, are able to provide loving and nurturing homes for Donn. However, there is no indication that *947 Donn would be better off living with his father rather than with his mother, and it appears that there is frequent visitation with Mr. Cooper, and that Donn spends summers and many holidays with his father, in keeping with the requirements of “frequent and continuing contact” of LSA-C.C. art. 146(D).
Thus, we are unable to find that the trial court abused its discretion in awarding continuing physical custody of Donn to Mrs. Favaloro, since the award permits continuance of his established mode of living, absent a showing on the part of Mr. Cooper that such custodianship was deleterious or that the harm likely to be occasioned by the change was substantially outweighed by its benefits.
We recognize that in similar cases the trial court may find that it is in the best interest of the child to enforce a similar agreement as the Georgia decree and such findings may be well within its discretion, depending on the circumstances of the particular case. We further recognize that at some point it may be that Donn’s best interest would be served by a change in physical custody. But, under the facts before us now, and for the foregoing reasons, we agree with the learned trial judge that it is Mr. Cooper who is seeking modification of the status quo custody and who thus bears the heavy burden of proof required by Bergeron; and that he did not carry this burden of proof.
Accordingly, the judgment of the trial court dated September 12,1989 is affirmed. Costs of this appeal are assessed to appellant.
AFFIRMED.

. LSA-C.C. article 250 provides as follows:
Art. 250. Persons entitled to tutorship
Upon the death of either parent, the tutorship of minor children belongs of right to the other. Upon divorce or judicial separation from bed and board of parents, the tutorship of each minor child belongs of right to the parent under whose care he or she has been placed or to whose care he or she has been entrusted; however, if the parents are awarded joint custody of a minor child, then the tutorship of the minor child shall belong to both parents with equal authority, privileges, and responsibilities, unless modified by order of the court or by an agreement of the parents, approved by the court awarding joint custody. In the event of the death of a parent to whom joint custody had been awarded, the tutorship of the minor children of the deceased belongs of right to the surviving parent.
All those cases are called tutorship by nature.